Matney v. Graham et al.

---

JAMES A. MATNEY, Respondent, *v.* FRANCIS GRAHAM *et al.*, Appellants.

1. *Sheriff's deed — Recitals — Evidence — Clerical error — Diversity of statement in notices.* — A clerical error in a sheriff's deed, by which it was made to recite that the notice of sale was published in "the *Union*," when in fact it was published in "the *Herald*," is not such a substantial misrecital as will destroy the effect of the deed.   If the notice was published the requisite length of time, and in a newspaper in compliance with the law, it is sufficient. And a diversity of statement in two notices of the sale, published respectively in English and German, one stating that the sale would take place during the

session of the Circuit Court, and the other that it would take place during the session of the Court of Common Pleas, is not such a mistake as would invalidate the sale. If both were regular as to time and place, they imparted full information to those who desired to bid; and a sale when either court was in session was equally legal. There was no error in substance, and no person could have been misled by the inaccuracy.

2. *Evidence — Records — Probate Court of Buchanan county.* —The act organizing the Probate Court of Buchanan county (Sess. Acts 1851, p. 515, art. II, § 2) provides that the judge of probate shall make, keep and preserve complete records of all wills, etc., and the proof thereof, all letters testamentary and of administration, etc., and of all judgments and orders which he may make thereon, forming a perfect record of his proceedings. *Held,* where the original will was beyond the power or control of the party desiring to prove it, that the record above mentioned was admissible as evidence of the will and the proofs thereof.

3. *Dower — Election — Interest of widow in lands under.* —Where, under the provisions of the third section of the dower act of 1845 (R. C. 1845, p. 430, §§ 3, 5 and 6), a widow elected to take one-half of the real estate in lieu of dower, and no division of the land was had, the election vested in the widow an undivided half of all the real estate of which her husband died seized, subject to the payment of debts.

*Appeal from Buchanan Circuit Court.*

*B. F. Loan,* and *F. Van Waters,* for appellants.

I. The sheriff's deed read in evidence to the jury should have been excluded. 1. No notice of the sale of said property had been given as required by law, because the notice was not published in the *Union* as recited in the deed, and because the notice published in the *Volksblatt* stated that the sale would take place during the session of the Circuit Court, when in fact it was made, as recited in the deed, during the session of the Buchanan Court of Common Pleas. 2. Because the recitals in the deed, showing the manner and place in which the notice of sale were given, were material parts of the deed upon which its validity depends, and when these recitals are shown to be untrue, it is incompetent to show by parol evidence that notices had elsewhere been given and in a manner different from those recited in the deed, for the purpose of upholding the deed.

II. The death of Noble, without descendants capable of inheriting, being conceded, the election of his widow, Catharine Noble, to be endowed under the third section of the act relating to dower,

in the Revised Statutes of 1845, *prima facie* vested in her in fee simple an undivided half of all the real estate of which William Noble was seized in Buchanan county at the time of his death. (Welch v. Anderson, 28 Mo. 299; Hamilton, Adm'r, v. O'Neil, 9 Mo. 18.)

III. The second instruction asked by the plaintiff should have been refused. (See act relating to dower, R. C. 1845; Welch v. Anderson, 28 Mo. 293; Hamilton, Adm'r, v. O'Neil, 9 Mo. 10.)

*Vories & Vories, Ringo,* and *Hill & Carter,* for respondent.

I. William Noble's will was properly admitted in evidence. The law organizing a Probate Court in Buchanan county does not require that the admission to probate of a last will shall be entered on an order book. But it is required by section 2 of article II of said law that the judge of probate shall make, keep and preserve a complete record of all wills, testaments and codicils, and the proof thereof, all letters testamentary, etc. (Sess. Acts 1850, p. 515, art. II, § 2; *id.* 516, § 9.) It was out of this complete record that we read the will and other evidence. (Wagn. Stat. 1367, §§ 25–28, 33, 34.) These are the same as in the statutes of 1855.

II. The court properly admitted evidence to show that the notice of sale had been given in the *Herald* in place of the *Union* newspaper, as recited in the sheriff's deed by mistake. The sale was in fact advertised as the law directs, in two newspapers and for the time required. The deed is good on its face, but there was a mistake made in the recital as to the paper in which the notice was published. This was not material. (Wagn. Stat. 609, § 42; Buchanan v. Tracy, 45 Mo. 437.) It made no difference that the advertisement in the German paper mistakenly stated that the Circuit Court would be in session on the day of sale. This could mislead no one. The statute does not require that the advertisement should state that any court should be in session; it is only necessary to state the time and place of sale, and describe the property to be sold. So that the property is actually sold on a day when the court is in session, it is sufficient. (See authorities *supra.*)

    36—VOL. L.

III. The second instruction was properly given. The election of the widow of Noble to be endowed of one-half of the land in place of one-third, did not make her a joint-tenant of Johnson, the devisee. Her right was only that of a doweress before assignment of dower, and she had no legal title in the land entitling her to possession until her dower had been assigned, and there was no evidence to show that it had ever been assigned or ever attached on the land in controversy. (McClanahan v. Porter, 10 Mo. 751; Applegate v. Smith, 31 Mo. 166; Orrick et al. v. Pratt, Adm'r, 34 Mo. 226; Waller v. Mardus, 29 Mo. 25; Maguire v. Riggin, 44 Mo. 515; McDonald v. Schneider, 27 Mo. 410.)

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought his action of ejectment in the court below, and had judgment for the possession of the lot in controversy. The objections urged here by appellants are mostly to the rulings of the court in the admission of evidence. It will be unnecessary to notice them all, as some of them are purely technical and devoid of merit.

The point that the sheriff's deed was inadmissible in evidence because its recital was that the notice of the sale was published in the *Union*, when in fact it was published in the *Herald*, we do not think is sustainable. It was obviously a clerical error, and is not such a substantial misrecital as will destroy the effect of the deed. (Stewart v. Severance, 43 Mo. 322.)

That the notice was published the requisite length of time is, I think, very clear, and that it was published in a newspaper in compliance with law is undoubted. And the same is true in reference to the diversity of statement in the respective publications in the German and English newspapers. The statement in one that the sale would take place while the Circuit Court was in session, and in the other during the session of the Common Pleas, was not such a mistake as would invalidate the sale. The notices were regular as to time and place. They imparted full information to all who desired to bid, and a sale when either court was in session was equally legal. There was no error of substance, and no person could have been misled by the inaccuracy.

It is also insisted that the court committed error in allowing to be read from the record of wills the copy of Noble's will with the proofs indorsed thereon. The plaintiff showed that the originals were beyond his power or control to produce, and it was admitted that the record was the book kept by the Probate Court for the purpose of preserving a complete record of wills, letters testamentary, etc., in the office of the court.

The act organizing the Probate Court of Buchanan county provides that the judge of probate shall make, keep and preserve complete records of all wills, testaments and codicils, and the proof thereof, all letters testamentary and of administration, etc., and all final and interlocutory judgments and orders which he may make thereon, forming a perfect record of his proceedings. (Sess. Acts 1851, art. ii, p. 515, § 2.)

The record in this case seems to be somewhat irregular, and omits to show all that should be regularly kept and shown. But the will is preserved with the proofs of probate indorsed thereon, together with the other papers arising out of the administration of the estate, and in this proceeding we are not prepared to say that the evidence was wholly inadmissible.

The lot that is here in contest between the parties originally belonged to one Noble, who died childless, leaving a widow surviving him. By his will he devised all his estate to his nephew Johnson. The widow, in lieu of dower, elected to take one-half of the estate, under the third section of the dower act of 1845. (R. C. 1845, p. 430, §§ 3, 5, 6.)

The plaintiff here does not claim title under the widow, and there is no evidence in the record to show that any partition was ever had between her and Johnson, or that her interest was ever divided or set apart to her. But with this patent fact the court, at the instance of the plaintiff, instructed the jury that the fact that Noble left a widow who elected to take her dower in the land of her husband, under the third section of the act in reference to dower in this State, was not sufficient to show that she had any legal title to the premises at the commencement of this suit; and refused to instruct for the defendants that the election of the widow to be endowed under the third section *prima facie* vested in said

widow one undivided half of all the real estate of which her husband died seized, subject to the payment of debts.

· It must be borne in mind that, under the first section of the dower act, the right of the widow to be endowed is absolute; but her right to take half of the estate, under the third section, depends upon a contingency. Under the latter section she must make her election within a prescribed time, and then she takes subject to the payment of debts. In a former case in this court it was said: "The doctrine is that when an election creates the interest, nothing will pass until an election is made; and if no election can be made, no interest will arise." (Hamilton, Adm'r, v. O'Neil, 9 Mo. 11, citing 1 Co. Litt. 523; U. S. v. Grundy, 3 Cranch, 337.)

But when an election is made, the interest necessarily vests. It cannot be held in abeyance. An election disclaims and forfeits all rights under the first section, and substitutes the interests and privileges given therefor under the fifth section. The widow's right becomes a fixed and vested interest whenever the declaration of election is made within the limitation and in the manner provided by the statute. That it is subject to be impaired or defeated by the payment of debts makes no difference. In this respect it is like the realty which descends to the heir; the title is vested, ·but it is subject to be divested if necessary to provide assets for the payment of debts. In both cases the law vests the title upon the happening of an event, and also divests it for certain purposes.

In my opinion the court erred in giving the instruction for the plaintiff, and refusing the one offered by the defendants, and for this reason the judgment will be reversed and the cause remanded. Judge Bliss concurs. Judge Adams absent