CHARLES WIGLEY, Appellant *vs.* MARY F. BEAUCHAMP, Respondent.

1; *Dower—Election—Seizin—Attachment.*—Where a widow, in lieu of her dower interest in one-third part of the lands of which her husband died seized, elects to take absolutely a child's share in such lands, as prescribed by statute (W. S., 540, § 11), she thereby becomes seized of an undivided interest in such lands equal to a child's share in the same, which can be attached in a suit against her. (Orrick vs. Robbins, Adm., 34 Mo., 226, overruled.)

*Appeal from Livingston Circuit Court.*

*Collier, Harris & Samuel,* for Appellant.

I. Respondent on electing to take a child's part in the real estate of her husband, thereby renounced her dower in such real estate, and a child's share therein, so elected by her to be taken, became and was a fixed and an absolute estate in fee simple.

Such interest is not dower, but in lieu of, and a substitute therefor, and she thus became a tenant in common with her two minor children, with a similar fixed and ascertained interest. And in such case, no action on her part for the assignment and admeasurement of her interest or for damages would or could lie under any of the provisions of the statute regulating dower, nor would such action be at all necessary.

II. If this view of the case be correct, respondent's said interest in her husband's real estate is bound by the attachment levied thereon in this cause, and it makes no difference that such estate is not separated, and divided from that of her two minor children. (Drake At. § 241; McMechan and Griffing, 9 Pick., 537; Crosby vs. Allyn, 5 Me, 453; Argyle vs. Dwinel, 29 Me., 29; Still vs. Swan, Littel's Sel. Cas., 156.)

*McFerran and Warder,* for Respondent.

I. The dower interest of the defendant in the estate of her deceased husband before assignment was not liable to seizure on execution or attachment, and such seizure upon attachment, upon publication of notice against defendant as a non-resident, conferred no jurisdiction upon the Court of the subject matter of the suit; and the Court below committed no error in

Wigley v Beauchamp.

rendering final judgment dismissing the suit. (Orrick vs. Pratt, 34 Mo., 226 ; Watson vs. Watson, 28 Mo., 300 ; Waller vs. Mardus, 29 Mo., 25 ; 2 Scribn. Dow., 37.)

EWING, Judge, delivered the opinion of the court.

This was a suit by attachment against the defendant Mary F. Beauchamp, widow of James Beauchamp, deceased, to recover four thousand twelve and 61-100 dollars for goods, wares and merchandise alleged to have been sold and delivered to her. The ground of the attachment was non-residence. The cause was taken by change of venue from the Common Pleas Court of Livingston county to the Circuit Court of said county.

The answer denies the indebtedness and alleges that she, the defendant, is the widow of Jas. Beauchamp, and that the only property attached or which purports to be attached as appears by the sheriff's return, is the property in which she has a dower interest only as widow of said Beauchamp, and in which her dower interest has never been assigned or admeasured to her, and that said dower interest is not subject to attachment. That the suit was instituted by attachment only, and by publication of notice, and that the property so seized is not subject to attachment, and the seizure thereof conferred no jurisdiction.

Plaintiff filed a replication alleging that defendant had duly made her election to take and be endowed absolutely in a share in such lands equal to the share of a child, of such deceased husband, subject to the payment of his debts, in lieu of the one-third part *of the lands of which her husband died seized, &c.

A demurrer to this replication was filed by defendant and sustained by the court and the cause is here by appeal.

The only question presented by the record, is as to the effect of the election, made by the defendant. Did it vest in her a title in fee to an undivided one-third part of the real estate described in the return ?

*It appears that defendant's deceased husband left two minor children surviving him. Rep.

35—VOL. LI.

This question was passed upon by this court in the recent case of Matney vs. Graham, (50 Mo., 559.) That was an action of ejectment and the question arose upon an instruction given by the court to the effect, that the fact, that a widow had elected to take her dower in the lands of her husband under the third section of the act in reference to dower in this state, was not sufficient to show that she had any legal title to the premises at the commencement of the suit, and upon an instruction refused by the court, declaring the converse of that proposition namely, that the election of the widow to be endowed under the third section, *prima facie* vested in said widow one undivided half of all the real estate of which her husband died seized, subject to the payment of debts. It was held that the first instruction was erroneous and should have been refused, and that the latter contained a correct proposition of law and should have been given, that the widow's right becomes a fixed and vested interest, whenever the declaration of election is made within the limitations and in the manner provided by the statute. See also Hamilton, Admr. vs. O'Neil, 9 Mo., 11.

The case of Orrick and Wife vs. Robbins, Admr., (34 Mo., 226,) to which we are referred by counsel for respondent, seems not to have been noticed by the court, if brought to its attention at all, in the case of Matney vs. Graham, *et al.* In that case the widow of Robbins had made an election to be endowed absolutely in a share of her husband's lands equal to the share of a child, in lieu of one-third part thereof for her life, as in the case before us. The proceeding was a petition by Orrick and Wife, (who was the widow of Robbins) to the probate court for an order upon the administrator of the estate of Robbins, that he should pay them in right of the wife, the rent received from a tract of land adjoining the land on which the mansion house was situated, and being part of the same tract, and which at the time of Robbins death was rented out and in the possession of a tenant. The legal effect of the election made by the widow, was necessarily involved in the decision of the case. For if, as I think, the election operated as an absolute renunciation of all claim of dower under the first

Wigley, v. Beauchamp.

section of the act, all the incidents of dower were likewise *ipso facto* relinquished, and there could be therefore no rightful claim for rents. The court say the share of the estate of her deceased husband which the widow elected to receive absolutely, in lieu of one-third for life, is to be regarded as dower, and until it was assigned to her, she was entitled to remain in and enjoy the mansion house of her husband, and the messuages or plantation thereto belonging, without being liable to pay any rent for the same." How can that be regarded as dower, or assigned as dower, which is taken in lieu of dower? Dower under our statute (first section of the act concerning dower) is the right of every widow to hold and enjoy during her natural life, one-third part of all the lands, whereof her husband, or any other person to his use, was seized of an estate of inheritance at any time during the marriage, to which she shall not have relinquished her right of dower in the manner prescribed by law. As incident to this right, the widow may remain in and enjoy the mansion house of her husband and the messuage or plantation thereto belonging, without being liable to pay any rent for the same. But when she elected to be endowed or to take absolutely a share equal to that of a child, subject to the payment of her husband's debts, and accordingly makes such election by a declaration in writing, executed and acknowledged in the manner required by the statute, she thereby renounced all claim to dower, and in lieu thereof became by the very act of such election, the owner in fee of an undivided interest in the lands of her husband and a tenant in common with her children. If such is not the effect of an election made under such circumstances, it would seem to be little else than a useless and meaningless ceremony.

In my opinion the demurrer to the replication was improperly sustained. The other judges concurring, the judgment is reversed and the cause remanded.