Elizabeth Griffith, Plaintiff in Error, *vs*. Richard Canning, Executor of estate of William Griffith, deceased, Defendant in Error.

1. *Dower—Wills—Election, effect of—Statutes, construction of.*—If a widow elects not to take under her husband's will, but to be endowed in her husband's estate under § 5, (Wagn. Stat., 539) she, as a distributee, must wait the final settlement and adjustment of the estate, and is not entitled to the allowance of $400 provided for in §§ 35, 36, 37, Wagn. Stat., 88.

### Error to Clark Circuit Court.

*James Hagerman*, for Plaintiff in Error.

I. The election of the plaintiff to take under the statute "was simply in lieu of her rights under the will."

II. If the widow takes under the will, she is entitled, in addition, to the four hundred dollars absolute allowance provided by §§ 35, 36, 37, Wagn. Stat., 88.

III. The widow's right to this allowance does not depend on the election or non-election. She has it, if there is no will. She has it, if there is a will and she takes under it. She has it, if she elects to take one-half when there are no children. The absolute title passes to the widow by operation of law at the death of the husband. (Hasting vs. Myers, 21 Mo., 519; Bryant vs. McCune, 49 Mo., 546.)

IV. She rejected the will and elected to take under the 5th section one-half, subject to debts. This was in lieu of dower in real estate under the 1st section, but not in lieu of the four hundred dollars absolute allowance under section 35 of Administration Law. (Wagn. Stat., 88.)

V. The statutes of Dower and Administration must be construed together. They are not in conflict. The absolute allowance is *in addition* to all the rights of the widow under the Statute of Dower.

*E. R. McKee*, for Defendant in Error.

I. When the widow elects to take under the 5th section of the Dower Law, she assumes another and different relation than that of a widow to the estate of her deceased husband, she then becomes a *quasi* heir, and her rights in, and to, the property are the same as those of an heir.

II. The claim under the Administration Law is utterly inconsistent with the terms of the election under the Dower Law.

SHERWOOD, Judge, delivered the opinion of the court.

William Griffith, the decedent, by his last will bequeathed to his widow, Elizabeth Griffith, one-third of all his lands during her natural life, and one-third of his personal or mixed property absolutely subject to the payment of his debts, &c.

The residue of his estate was devised to his adopted son, William Griffith Lee.

The widow refused to accept the provisions of the will, and filed her declaration under sec. 5, chap. 47, 1 Wagn. Stat. 539, whereby she made her election to be endowed of one-half the real and personal estate belonging to her husband at the time of his death absolutely; subsequently she applied to the Common Pleas Court of Clark County (a court having probate jurisdiction), asking for an allowance of $400 under secs. 35 36 and 37 of ch. 2, Art. 2, 1 Wagn. Stat.

This application was granted, and the executor ordered to pay to the widow the sum applied for, and from this order an appeal was taken to the Circuit Court, where the application, which was granted by the lower court, was denied, and a declaration of law, to the effect that the widow was entitled as she claimed, was refused.

It appears from the agreed statement of facts, that Griffith died in August 1872, leaving no children; that there was about $700 worth of personal property, which was sold and converted into money by the executor, and that the widow had never received anything from the estate of her husband, except a small amount of money, provisions and personal property, to which she was entitled, under secs. 33 and 34 of Art. 2 above referred to.

The precise point presented by this record has never been before this court.

In Cummings vs. Cummings, 51 Mo., 261, it was held, that the widow was entitled under secs. 35, 36, and 37, *supra*, to $400 worth of personal property, or its equivalent in money

in case the property had been sold, provided the application was made prior to its distribution or payment for debt. But there is this marked difference between that case and the one under consideration : there, no election had been made by the widow; here the widow renounced the provisions of the will, and elected to take one-half of the real and personal estate of her deceased husband. The effect of that election was to totally change the attitude of the widow toward her husband's estate. Thereby she ceased to be doweress, and became as to personality only an ordinary distributee. And a brief examination of secs. 35, 36 and 37, under which she made her application, and of secs. 5 and 7, will conclusively show this.

If no election be made, the widow is entitled to the property as her absolute right under secs. 35 and 36, as it is expressly provided in the latter section, that "the property so delivered shall in no case be liable for the payment of the debts of the deceased."

But if the widow makes her election, as provided for in section 5, the effect is to subject the property so chosen to the payment of the husband's debts. As doweress, she is entitled to the property, as part of her dower, immediately and absolutely unfettered by conditions or restrictions. (Hastings vs. Meyer, Admr., 21 Mo., 519.) As distributee she must await the final settlement and adjustment of the estate, just like any other distributee, for the effect of an election, whether it be concerning realty or personalty, is equally as effectual in changing the *status* of the widow; otherwise, as was well said in Wigley vs. Beauchamp, 51 Mo., 544, "It would seem to be little else than a useless and meaningless ceremony." (Matney vs. Graham, 50 Mo., 559.)

For these reasons, there was no error in the action of the court below in refusing to give the instruction prayed for by the plaintiff, and, with the concurrence of the other judges, the judgment will be affirmed.