## DROWRY v. BAUER, *Appellant.*

**Widow's Allowance of Personalty cannot be taken out of Proceeds of Real Estate.** If a widow postpones her application for the allowance of personalty out of her deceased husband's estate, to which she is entitled under Wag. Stat., sec. 35, p. 88, until after the administrator has used the personalty in payment of debts, she loses her right, and her loss will not be made good to her out of the proceeds of real estate subsequently sold to pay the remainder of the debts.

*Appeal from Osage Circuit Court.*—HON. A. J. SEAY, Judge.

*Ewing & Pope* for appellant.

*Lay & Belch* with *C. G. Clement* for respondents.

SHERWOOD, C. J.—John Bauer died and his widow administered upon his estate. Owing to her marriage with her co-plaintiff, Wm. Drowry, her letters became revoked. Thereupon, she made settlement of the estate, showing the sum of $203.26 in her hands, arising from the sale of personal estate. The then administrator *de bonis non*, Adam Bauer, received that sum and applied it to the payment of classified debts, prior to February, 1871. Adam Bauer resigned his letters in 1873. The present defendant becoming his successor, administered upon the estate, and in due course of administration sold real estate from the proceeds whereof, there will be, after payment of all debts, $700. The widow, Mary T., prior to the settlement with the county court had received under Wag. Stat., sec. 35, p. 85, vol. 1, $228 in personal property. The present proceeding was instituted in 1874 to obtain the residue of the $400 allowed under the provisions of section 35, *supra*, and certain declarations of law denying her right of recovery, under the above noted circumstances, were refused the defendant, and this presents the only question for solution.

The right of the widow, in such cases, is purely statutory, and is, therefore, to be governed and determined by the rules and conditions which the statute itself prescribes.

Those rules will be found laid down in sections 36 and 37 immediately succeeding section 35, which confers the right to property of the description therein mentioned.   Section 36 provides that the widow " shall apply for such property     *     *     before the same shall be distributed or sold." And section 37 says that:   " If the widow do not receive the property thus allowed her, and the same be sold by the executor or administrator, the court shall order the money to be paid to the widow *at any time before the same be paid out for debts or be distributed.*"   It is thus plain to be seen that if we obey the behests of the statute, the application of the widow came too late, and should have been rejected. Nor is her *status* altered, or in the least bettered, because the administrator had a surplus of money in his hands arising from the sale of real estate.   That money belongs to the heirs; and she, having failed to make application in the time she was told by the law to apply, cannot now make her loss good in violation of the statute and of the vested rights of others.   These considerations induce the reversal of the judgment.   All concur.

REVERSED.