## LOW *v.* STREETER.

A and B owned adjoining lots, on each of which was a building. Each deeded to the other the space between his building and the common boundary, "to be used as a common passway for our mutual benefit, and

for no other purpose but a passway." *Held,* that the effect of each conveyance was to divest the grantor of his title to the land conveyed, so as to preclude him, or a successor in title, from maintaining trespass for an obstruction thereon.

CASE, for obstructing a way, with a count in trespass and a count in equity for removing and restraining the obstruction. Trial by the court.

In 1835, Joseph Low owned a lot of land upon the easterly side of Main street, in Concord, upon which he and Edward Brackett had built a brick building since known as Low's block, the southerly wall of which was eight feet northerly of the southerly line of Low's lot. Southerly of Low's lot, and adjoining it, Isaac Hill owned a lot, upon which had been erected a building known as the Athenian Hall, the northerly wall of which was about eight feet south of Hill's northerly line, thus leaving, with the eight feet of Low south of his block, a space of about sixteen feet in width, extending eastwardly from Main street between the buildings, and designed as a passway to their lands in the rear.

May 11, 1835, Joseph Low conveyed to Brackett a portion of his lot with the southerly half of the building by metes and bounds, making the southerly line of the building the southerly line of the land conveyed, and describing the boundary in that direction as "a cross street laid out by said Low and Isaac Hill."

July 24, 1844, Low conveyed by quitclaim deed to Isaac Hill his part of the land south of Low's block, describing it as a "tract of land" bounded "beginning at the north-west corner of Low's brick block, and running easterly about sixty rods to the termination of said Low's land, carrying the width south of said block eight feet the whole distance, to be used as a common passway for our mutual benefit and for no other purpose but a passway, meaning hereby to convey the land south of the brick block." At the same time, Hill by quitclaim deed conveyed to Low his land north of his block, describing it as "beginning at the north-west corner of the Athenian Hall, and running easterly about sixty rods, intending to convey all the land north of said Athenian Hall to land conveyed to me by said Low this day, and carrying the width of eight feet from the east corner of said hall as far easterly as said Low has conveyed to me, to be used as a common passway for our mutual benefit, and for no other purpose but a passway."

The defendant owns the land and rights conveyed by Joseph Low to Brackett. The south wall of the building now there is the same which was on Brackett's south line, and for the purposes of this case is to be taken as Streeter's south line. He has a right of way over the passway on the south for access from the street to the rear of his building.

The plaintiff was a son of Joseph Low, and had at the commencement of the suit and at the time of his death whatever inter-

est and rights remained in his father to the eight feet south of the Low block after his father's deed to Isaac Hill.

Eight or ten years ago the owners of the defendant's premises opened a doorway in the south wall of the block, and built there some stone steps for an entrance into the basement. The doorway was arched above; and around it, at the sides and above, was built in the wall, as an architectural ornament, a row of brick of two bricks' thickness, and projecting from the wall into the passway four inches. The upper step of the doorway into the basement extends into the passway from the wall of the building about ten inches, making an opening in the ground of the passway of that width. The brick ornament and the opening at the doorway are claimed as obstructions by the plaintiff, and their erection and maintenance as trespasses. The plaintiff objected at the time they were placed there, and demand was made upon the defendant for their removal before the suit was brought.

The court finds the plaintiff has a right of way in the passway, but that his reasonable use of it for that purpose has never been and is not obstructed by the things complained of. It is also found that the plaintiff has no sufficient title to the land where the alleged obstructions are, to enable him to maintain trespass *quare clausum.* A verdict of not guilty was filed, the count in equity dismissed, and judgment for costs ordered for the defendant. The plaintiff excepted.

*S. C. Eastman*, for the plaintiff.

*F. S. Streeter*, for the defendant.

BINGHAM, J. The plaintiff owns the rights of Joseph Low in the eight feet south of the Low block, after he conveyed to Hill. The defendant owns the land and rights conveyed by Joseph Low to Brackett, and the south wall of the Low block is to be taken as his south line. He also has a right of way over the passway between the Low block and Athenian Hall, from the street to the rear of the Low building. Neither party owns the eight feet of land immediately south of the Low block if Joseph Low conveyed it to Hill; but if the deeds of Low and Hill only dedicated the sixteen feet of land as a common passway to the parties, each retaining the ownership of his land, then the plaintiff is the owner of the northerly eight feet, subject to the defendant's easement, and may recover in trespass.

A grant of a right of way over land does not convey the soil, or any corporeal interest in it, and it necessarily follows that such an owner cannot prevent even a trespasser from using the land, if his use does not impede the exercise of the right of passage. In other words, an owner whose land is burdened with a right of way has all the rights and benefits of the soil consistent with the reason-

able use of the way.  *Pond Co.* v. *Chandler*, 9 Allen 159, 163 ; *Richardson* v. *Palmer*, 38 N. H. 212, 220; *Welch* v. *Wilcox*, 101 Mass. 162, 164—*S. C.*, 100 Am. Dec. 113, *n.* 115, 118; Godd. Ease. 4.

The inquiry, then, is as to the legal effect of the deeds which passed between Low and Hill, July 24, 1844, and especially of the deed of Low.   The language in each is clearly sufficient to convey the land described; but it is claimed by the plaintiff that such was not the intention of the parties, and that the deeds should be construed as the parties understood them when they were executed.   This is undoubtedly the law when the intention is proved from competent evidence.   In the present case, the deeds, the situation of the parties, and the purpose they had in view, are material.   The parties could have accomplished their apparent purpose in a more direct way than the one they adopted.   They desired to make the sixteen feet a passway common to both.   This did not necessitate a conveyance of the fee in the land of one to the other, encumbered with the liability of legal controversies like the one now before the court; still, it was a way which the parties could adopt, and the language used in both of the deeds is so direct and complete as to leave very little doubt that both Low and Hill intentionally adopted the method of each conveying his land in fee to the other as a part of the transaction.   After Joseph Low executed his deed he had no interest in the eight feet next to his block except a right of way over it.   This the plaintiff has; but it is found that he is not obstructed in its reasonable use by the things complained of.

*Exceptions overruled.*

ALLEN and CARPENTER, JJ., did not sit: the others concurred, DOE, C. J., concurring in the result.