C. JEWELL *et al.*, Appellants, v. A. M. KNETTLE, Administratrix, Respondent.

**Kansas City Court of Appeals, February 17, 1890.**

Administration: PERSONAL DOWER OF WIDOW : PROCEEDS OF REAL ESTATE : HEIRS. A deficiency in the four-hundred-dollar allowance of a widow, caused by want of personal estate to make it out of, cannot be supplied from the surplus proceeds of the sale of the deceased husband's real estate remaining after paying the mortgage debt; such surplus is to be treated as realty, and goes to the heir and cannot be diverted to another purpose.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*G. S. Hoss,* for the appellants.

The personal dower allowed the widow under sections 107 and 108, Revised Statutes, cannot be allowed out of the proceeds of the sale of real estate, but must come out of the personal property on hand at the death of the husband. *Drowry v. Barber,* 68 Mo. 155.

*Birdseye & Harris,* for the respondent.

(1) The inventory and appraisement, filed by the administratrix, amounted to $260.85. To all of which the widow was entitled as her absolute allowance under sections 105 and 106, Revised Statutes of 1879, provided she makes her application prior to its distribution or payment for debts. *Cummings v. Cummings,* 51 Mo. 261. (2) The widow's application for the personal property shown by her first inventory and appraisement was in time, as none of it had been disposed of, or

converted into money and distributed, prior to said application. This was admitted on trial in the circuit court, and this is the fact which distinguished the case at bar from *Drowry v. Barber*, 68 Mo. 155, which was before the court at the trial. (3) The allowance for her year's support may be taken out of any fund which may come into the administratrix's hands. R. S. 1879, sec. 106.

SMITH, P. J.—This is an appeal from the judgment of the circuit court of Vernon county, allowing the respondent, who is the widow of R. H. Knettle, deceased, and the administratrix of his estate a credit of $139.15 on her final settlement. It appears that the personal estate of the deceased amounted to $260.85, which the widow was allowed to take under the provisions of sections 107, 108 and 109, Revised Statutes, 1879. This left the widow short $139.15 in the amount of the additional property allowed her by the said statutory provisions. It further appears that, at the time of the death of her husband, he owned certain real property which was subject to a deed of trust to secure the payment of a certain indebtedness; that after the death of the husband there was a sale of real estate under the deed of trust which brought $785.70 above the amount of the lien of the deed of trust, and this amount was paid over to the administratrix and with which she charged herself, in her settlement with the probate court. It was out of this fund that she sought to procure said allowance of $139.15 to make up the deficiency in the amount of the personal property, to which she should have been entitled, had there been that amount. The probate court disallowed this claim, but the circuit court allowed it, and the single question is, was she entitled to the allowance under the statute.

It will be seen by reference to the sections of the statute, already cited, the provision there made for the

widow must come from the personal estate only. The land belongs to the heirs. Where real estate is converted into money, whatever surplus remains, after the proper application of the object of the conversion, still represents the realty for the benefit of the heirs, and cannot be merged in the personalty for the purposes which only pertain to that classification. *In re Motier's Estate*, 7 Mo. App. 514; *Richey v. Withers*, 72 Mo. 556; *Drowry v. Barber*, 68 Mo. 155; Woerner's Am. Law of Adm'r, 187, sec. 91.

And whether the real estate is sold for debt in pursuance of authority conferred by the deceased in his lifetime, or under the power granted to the representative by the statute, is immaterial so far as the money arising therefrom in the hands of the representative is concerned. The money received from such a source must go to the heir, or the creditor, and cannot be diverted to another purpose.

It follows, therefore, that the judgment of the circuit court must be reversed, and the cause remanded with directions to proceed in the matter of said final settlement in accordance with the views we have herein expressed. All concur.