## *In re* ESTATE OF WILLIAM C. LLOYD.

### Kansas City Court of Appeals, April 27, 1891.

Administration: WIDOW'S ALLOWANCE: PROCEEDS OF REALTY. The proceeds of the sale of lands of a deceased—whether sold under the terms of a deed of trust executed during the lifetime of the owner, or by order of the court to pay debts—cannot be used to 1ake good a deficiency in the widow's allowance.

*Appeal from the Moniteau Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

*Moore & Williams*, for appellants.

(1) The $400 absolute dower allowed to widow, under sections 105, 107 and 108, Revised Statutes, was intended to be allowed and paid out of the personal estate of the deceased, and not out of his real estate. *Drowry v. Bauer*, 68 Mo. 155. The facts in this case are in all respects similar to those in case of *Jewell v. Knettle*, 39 Mo. App. 262. Had *Jewell v. Knettle* been published when this case was decided, there would have been no necessity for the present appeal. Relying confidently on that case and the authorities therein cited, we ask that the case be reversed and remanded, with proper instructions. *In re Motier's Estate*, 7 Mo. App. 514; Woerner's Am. Law of Adm., sec. 91; *Jewell v. Knettle, supra*.

*L. F. Wood*, for respondent.

(1) The widow is entitled to $400 of the personal estate. R. S. 1879, sec. 107. And that amount vests in her on the death of the husband, and becomes hers absolutely, as against her husband's administrator and

his creditors. *Hastings v. Meyers*, 31 Mo. 519 ; *McFarland v. Baze's Adm'r*, 24 Mo. 156 ; *Cummings v. Cummings*, 51 Mo. 261. ( 2 ) When a wife joins with the husband in a deed of trust to secure his debt, the surplus arising from the sale under the deed is personal property for all purposes. *Casebold v. Donaldson*, 67 Mo. 308 ; *Waetterman v. Miller*, 13 Mo. App. 567 The case of *Jewell v. Knettle*, 39 Mo. App. 262, is not in conflict with the above authorities, and does not reverse or modify them.

GILL, J.—This is a controversy between Mary A. Lloyd, the widow, and J. A. Lander *et al.*, judgment creditors, of Wm. C. Lloyd, deceased. It seems that, in 1889, Mr. Lloyd died possessed of a small amount of personal property, and, as well, the owner of certain lands, which, however, had been incumbered by a deed of trust, executed by himself and wife, jointly. About a year after his death the land was sold in pursuance of the terms of the deed of trust, and there was realized therefrom, after the payment of the secured debts, a surplus of $394.55. This surplus was paid over to Yarnell, the administrator, and thereupon two motions were filed in the probate court—one by Lander *et al.* asking that said amount be paid to them as fourth-class creditors, and the other by Mrs. Lloyd, the widow, requesting the same be paid to her on account of a deficiency in her allowance under section 107, Revised Statutes, 1879. The court denied the motion of Lander *et al.*, and sustained that of the widow. The matter was appealed to the circuit court, where the action of the probate court was approved, and from this judgment of the circuit court Lander *et al.* have appealed to this court.

I. The decision of the lower court, in thus adjudging this surplus to Mrs. Lloyd, is opposed to the uniform holding of the appellate courts of this state, and its judgment, therefore, must be reversed. The proceeds

of the sale of lands of a decedent—whether sold under the terms of a deed of trust executed during the life of the owner, or sold by order of the court to pay debts—cannot be used to make good a deficiency in the widow's allowance under section 107, *et seq.*, Revised Statutes, 1879. *Ritchey v. Withers*, 72 Mo. 556; *Jewell v. Knettle*, 39 Mo. App. 262; *In re Motier's Estate*, 7 Mo. App. 514; 1 Woerner's Am. Law of Adm'n, sec. 91. It is immaterial whether we call such surplus real or personal estate (when such conversion occurs); it does not belong to that class of estate out of which such absolute allowance for the widow is provided for. Such surplus goes to the heirs, subject of course to the payment of debts.

The judgment, therefore, of the circuit court is reversed and the cause remanded. All concur.