JOHN LAMAR, Jr., Admr., Appellant, v. GEORGE W. BELCHER, Jr., Exr., Respondent.

Kansas City Court of Appeals, April 3, 1911.

1. **Dower: Distribution: Debts.** While the widow's additional dower in personal property of $400, allowed her by section 116, R. S. 1909, is her absolute property, yet it is conditional upon her, or her legal representative, applying for it before it is distributed, or if in money, before it is paid out for debts.

2. ———: ———: ———: **Real Estate: Rents.** The rents arising from real estate willed to the heirs and collected by the executor is not a part of the personal property of the estate and is not subject to be appropriated to the widow's dower in personal property.

Appeal from Cass Circuit Court.—*Hon. N. M. Bradley,* Judge.

AFFIRMED.

*Charles W. Sloan* for appellant.

*W. L. P. Burney* for respondent.

ELLISON, J.—This proceeding is an application by the administrator of a deceased widow to have the four hundred dollars allowed a widow by statute, in addition to other dower, in her deceased husband's estate. The circuit court refused to allow the claim.

It appears that George W. Belcher, Sr., died on the 9th of August, 1907, leaving a will appointing his son George W. Belcher, Jr., who is the defendant herein, his executor. He also left a widow and children. By the terms of his will the widow was to receive three thousand dollars to use as her own while she should live, and which was to be paid to her "as soon as practicable" after his death. If any of it was left it was to be divided equally among the children. She was also

to receive all household goods and kitchen furniture and certain live stock and a buggy. All the remainder of his property, of whatever kind, he gave equally to his five children. Of this, a house and lot was the only real estate and it was to be sold as soon as practicable and proceeds divided among the children.

Two years and eight months after the death of the husband, the widow died without ever having received or applied for the four hundred dollars in controversy. Shortly after her death this plaintiff, as administrator of her estate, made this application to the probate court.

The sections of the statute of 1909 applicable are as follows:

"Sec. 116. In addition to the above, the widow may take such personal property as she may choose, not to exceed the appraised value of four hundred dollars, for which she shall give a receipt.

"Sec. 117. The widow shall apply for such property named in the preceding section before the same shall be distributed or sold, which shall be deducted from her dower in the personal estate, if there be any; but the property so delivered shall in no case be liable for the payment of the debts of the deceased.

"Sec. 118. If the widow do not receive the property thus allowed her, and the same be sold by the executor or administrator, the court shall order the money to be paid to the widow at any time before the same be paid out for debts or be distributed."

It has been held that this provision becomes the absolute property of the widow on the death of the husband, though she should die without applying for it. [Hastings v. Myers, 21 Mo. 519; Mahoney v. Nevins, 190 Mo. 360; McFarland v. Baze, 24 Mo. 156.]

Notwithstanding the broad manner in which those cases state the effect of the statute, the face of the statute shows that what is called the absolute property of the widow vesting immediately upon the death of the husband, is more nearly an absolute *right to* the prop-

erty, if other plain statutory conditions are met, or do not stand in the way. That is to say, she, or her legal representative, must apply for it before it is distributed; or sold and proceeds of sale paid out for debts, or distributed. And this is the decision of the Supreme Court and the courts of appeals. [Drowry v. Bauer, 68 Mo. 155; Cummings v. Cummings, 51 Mo. 261, 264; In re Est., Howard, 128 Mo. App. 482, 496; Hill v. Evans, 114 Mo. App. 715.]

In the present case, the widow not applying for such allowance as contemplated by the statute, the defendant as executor of the will distributed the money to the heirs more than a year and three months after the death of the husband. And the court found from the evidence that the money had been distributed. It seems therefore that under the terms of the law the claim now made is too late.

But plaintiff contends the receipts of rent of the real property devised to the children should be considered a part of the personal estate out of which the widow's allowance should be made, and the instruction he asked from the trial court so stated. The court rightly refused it. The rents from the realty willed to the children is not subject to the widow's allowance. [Drowry v. Bauer, supra; Jewell v. Knettle, 39 Mo. App. 262.]

It seems to us that to allow this claim on the application of a widow's administrator in a case where she survived the husband nearly three years without having asked its allowance and after the estate applicable thereto had been distributed would subvert the statute.

The judgment will be affirmed. All concur.