**WOLF, Plaintiff v. ROBERTS, et, Defendants.**

Common Pleas Court, Tuscarawas County.

Decided January 8, 1945.*

Clarence W. Ferrell and Joseph F. Sani, New Philadelphia, for plaintiff.

Arthur B. Cunningham, New Philadelphia, for defendant.

### OPINION

By LAMNECK, J.

From the petition it appears that A. W. Patrick, a predecessor in title of the plaintiff, owned a certain tract of land in New Philadelphia, Ohio, over which he had established a 9.70 feet right of way. When he conveyed part of the premises he gave a deed to a predecessor in title of the defendant in which the south line of the property conveyed was fixed

*(Case settled by agreement in accordance with this opinion.)

in the middle of the aforesaid right of way. In his conveyance, however, he saved and excepted therefrom 4.85 feet of the north part of the "right of way" adjoining the south side of the premises sold **"for all purposes"**, and in the same conveyance he granted and conveyed to the same predecessor in title of the defendant 4.85 feet of the south part of the "right of way" adjoining the north side of the premises which he retained, **"for all purposes."**

That portion of the deed establishing the "right of way" reads as follows:

"Grantor (A. W. Patrick) saving and excepting therefrom, to them, their heirs and assigns forever, the right of way for all purposes, over the south side of the above granted and sold land, 4.85 feet in width, from the West side of Sixth Street (now Third) to the West boundary line of the land hereby conveyed a distance of 264 feet, and said Abraham Patrick and Mary Patrick do further hereby grant and convey to said Clara E. L. Myers her heirs and assigns forever the **right of way** for all purposes 4.85 feet in width on the North side of the lands lying South of and adjoining the 47.85 feet hereinbefore conveyed to her, said Right of Way extending from the West side of Sixth Street (Now Third) Westward 264 feet, by a line parallel with the South boundary line of the lands hereinbefore conveyed to said Clara E. L. Myers and said Right-of-Way joining the same. It being the intention of all parties hereto by this deed to make an Alley 9.70 feet in width for the **benefit** of said Grantors and Grantee and their heirs and assigns forever."

The petition of the plaintiff asks the court to permanently enjoin the defendants from interfering with the plaintiff's peaceable use and enjoyment of the right of way, it being alleged substantially that the defendant, Ida E. Roberts, coaxes, persuades and induces pupils and students to use said right of way in going to and from school, and invites and induces divers other persons to pass along said right of way, which interferes with the plaintiff's ingress and egress, and that the defendants, Harry L. Tygard and Edna F. Tygard, in some unknown way assist the defendant, Ida E. Roberts, in doing so.

The matter is now presented to the court on a demurrer to the petition filed by all of the defendants on the ground that the facts contained in the petition do not constitute a cause of action.

This case would present very little difficulty if the plaintiff's title in the right of way was based exclusively on a reservation, or exclusively on a deed of conveyance.

The authorites are numerous that the reservation or exception in a deed of an alley or right of way is a reservation of an easement. (Thompson on Real Property, Sec. 459, Vol. II; Pellissier v Corker, 37 Pac. 465.) Consequently, where such a reservation or exception is made in a deed, the grantor only retains an easement to use the reserved part as a right of way, and the grantee owns the fee, subject only to its use by the grantor as a right of way and the grantee may use the reserved part as he sees fit so long as it does not prevent the grantor from using it as a right of way. (Hasselbring v Koepke, 263 Mich. 466, 248 N. W. 869; Stotzenberger v Perkins, 332 Mo. 591, 58 S. W. (2d) 983; Terry v Tinsley, 140 Va. 240, 124 S. E. 290; Morrison v Bank, 68 Mo. 155, 33 Atl. 782; King v Murphy, 140 Mass. 254, 4 N. E. 566; Towne v Salentine, 92 Wis. 404, 66 N. W. 395.)

It is also the law that where a deed conveys a right of way, but does not by its terms convey the land or soil, the grantee takes no interest or estate in the soil of such way, and only acquires an easement to use the part conveyed. The grantor retains the fee, and can use the soil as he sees fit so long as such use does not interfere with its use by the grantee as a right of way. (Home v Richards, 4 Call. (Va.) 441, 2 Am. Dec. 574; Samples v Smythe, 32 Ky. 187, 105 S. W. 415; Railroad v Martin, 71 S. W. (2d) 867; Corporation v Chandler, 91 Mass. 159; Law v Streeter, 66 N. H 36, 20 Atl. 247.)

From the face of the instrument alone, on which the plaintiff's interests are based, and if the right of way was separable, it would appear from the foregoing citations of law that the plaintiff has an easement in 4.85 feet to use as a right of way and that he has a fee in 4.85 feet subject to the defendants' easement to use as a right of way. As to the 4.85 feet on which he has an easement, if that portion alone was involved, the plaintiff cannot prevent even a trespasser from using the land, if it does not impede his exercise of its use as a right of way. (Grafton v Moir, 130 N. Y. 465, 29 N. E. 974.)

This case then narrows itself into an inquiry as to the legal effect of the conveyance and reservation relating to the right of way in the deed given by the plaintiff's predecessor in title.

A deed is construed in favor of the grantee and against the grantor, and a reservation in behalf of the grantor will not be enlarged beyond the fair and natural import of the language used. (Thompson on Real Property, Sec. 367, Vol. 1; **Potter v Burton, 15 Ohio 197.**)

The language used is sufficiently clear, however, to show that it was the intention of the parties "to make an alley 9.70 feet in width for the benefit of said grantors and grantees and their heirs and assigns forever."

In the case of Law v Streeter, 68 N. H. 36, 20 Atl. 247, it was held that a conveyance by each of two adjoining owners to the other of the space between his building and the common boundary, to be used as a common passageway for their mutual benefit, and for no other purpose but a passageway, divests each grantor of his title to the land conveyed, leaving in him nothing but a right of way, and he cannot complain of its reasonable use by a third person so long as such use does not impede the exercise of the right of passage. In that case each owner made a deed of his property to the other, in fee "to be used as a common passway for our mutual benefit, and for no other purpose."

In the instant case, however, there is only one conveyance in which the grantor conveyed a fee of 4.85 feet reserving a right of way thereon, and conveyed a right of way only over another adjoining 4.85 feet in which the grantor retained the fee.

In the case of Law v Streeter, supra, it is indicated in the text of the opinion that if the parties had retained their respective fees, a restraining order would have been issued against a third person for trespass as to the fee retained.

The plaintiff's title came to him from his predecessors in title because the reservation of the right of way contains the words "to them, their heirs and assigns forever," and therefore runs with the land. (Thompson on Real Property, Vol. I, Sec. 346.)

It is well settled that a person has a right to have enjoined, threatened, repeated, or continued injury to his property rights. (Lewis and Spelling on the Law of Injuctions, Sec. 38.)

It appearing from the petition that the plaintiff has an easement in fee for right of way purposes over 4.85 feet of the tract in question, and it also appearing that he owns in fee the other portion of the tract in question, subject to a right of way in fee in the defendants, and it being alleged that the defendants have been interfering with the plaintiff's right of ingress and egress, the court finds said demurrer not well taken and overrules the same.