*Addison,*
January,
1814.

## Judd, *vs.* Leonard.

An action of ejectment will not lie for a right of way, or other easement.

THIS was an action of ejectment for a small tract of land, on the west side of Otter Creek, in the village of Middlebury, described by metes and bounds.

Plea—*the general issue.*

It appeared in evidence, that Appleton *Foot,* being the owner of a larger tract of land, including the premises, had, in the year 1798, conveyed to Joseph Cook and Anthony Rhodes, a small tract, fifty feet square, with a right of way thus described in the conveyance. " With a right of way from the highway to the easterly end of the small tract, fifty feet square, between the house of the grantor (now Leonards) and the coal house bank, sufficient to pass and repass with carriages, &c. The plaintiff, by several mesne conveyances, had become the owner of the small tract, with the right of way thereto. And the defendant, had, in like manner, become the own er of the larger tract, formerly owned by Appleton Foot, subject to the plaintiff's right of way. The defendant, by erecting buildings encroached upon the passage, so as not to leave sufficient room for passing. The land demanded by the plaintiff, was that, over which he had this right of way. Upon this evidence the Court expressed an opinion, that an ejectment was not the proper remedy in this case, to recover an easement—a mere right of way.

The council for the plaintiff contended, that an action of eject-ment would lie in this case. That at common law, the owner of the land adjoining a highway, who is considered as the owner of the soil of the highway, may maintain an action of ejectment, against a person encroaching upon, or inclosing any part of the highway. Ch. J.—That is the case in England, and, I presume in this State also, but that is a very different case from the present. There, the plaintiff is the owner of the soil of the highway, in which the king has an easement for all his subjects, and the recovery in ejectment is had subject to that easement. If the owner of the soil encroach, no ejectment will lie against him ; there are other remedies for the public. If the plaintiff can, in this case, maintain his action of eject-ment, although entitled to an easement only, a right of way over the

land demanded, yet he will recover the soil itself.  For such with *Addison,* us is the consequence of a recovery in this action, in which the land January. itself, not merely the easement, is demanded; and a recovery in this case, will give the plaintiff, not the easement only, which he has Judd a right to claim, but the fee of the land.  The remedy, at common Leonard. law, in such case, was by assise.  Whereupon the plaintiff suffered a nonsuit, to be set aside if the Court should be of opinion that the action could be supported.  Afterwards, when the action was again called, the plaintiff's council declared that they were satisfied that the action could not be supported.  That at common law, asise, and not ejectment, was the proper remedy in such case.