## JOHN R. TUPPER et al. *v.* QUINCY M. FORD.

### October Term, 1900.

Present: TAFT, C. J., TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 12, 1901.

*A grant of a part only of the use of land does not convey the fee—Construction of deed*—A deed of mill property, separated from a turnpike by intervening land, conveyed also "the use and occupancy" of such land "for the benefit of the mills and mill privileges and the public," and provided that the land should always be kept open for public travel. As the mill property was not accessible from the turnpike except across this land, and, as it did not appear that any other use of the land than use of it as a way would nave been beneficial to the mill property or the public, it was held that only a right of way in the land was granted.

*Ejectment does not lie for a mere easement*—An easement which does not carry with it the right of exclusive possession will not support ejectment.

ACTION of ejectment.  Plea, not guilty.  The cause was referred, and on the filing of the referee's report, Windsor County, December Term, 1899, *Tyler,* J., presiding, judgment was rendered on the report, *pro forma,* for the defendant.  The plaintiff excepted.

*E. H. Edgerton, W. H. Bliss* and *Hunton & Stickney* for the plaintiff.

*William E. Johnson* and *William Batchelder* for the defendant.

START, J.  The action is ejectment.  The plaintiffs claim title to the demanded premises under deeds from Loren Griswold to E. D. Briggs and John Trask which convey certain mill property, and mill privileges, and contain the following provision: "also the use and occupancy for the benefit of the mill and mill privilege and the public, of the following described lands, viz.: Bounded westerly by the last described

line; easterly by the turnpike road; southerly by the north side and range of said Griswold's horse-barn, and northerly by land owned by Jason Wing, excepting land on which Rust & Jefferson's shoe-shop now stands, which last premises are to be always kept open for travel." The demanded premises are within these boundaries. The defendant claims title to the demanded premises under a deed from said Loren Griswold to Joseph F. Tildon and Leonard Taylor, which conveyed certain hotel property. Before and at the time Griswold sold the mill property to Briggs and Trask in 1831, he owned that property and all of the hotel property, except that in 1830 he sold from the hotel property to Rust & Jefferson the land on which the east half of the plaintiff's store stands, whereon then stood a building erected by Rust & Jefferson, used as a shoe-maker's shop, and which now constitutes the front half of said store. The deed of the mill property which contains full words of inheritance, purports to convey "the use and occupancy" of the land of which the demanded premises are a part, and which was a part of the hotel property, "for the benefit of the mill and mill privileges and the public" and provides that the land shall be always kept open for travel. The hotel property was bounded by the turnpike on the east, Wing's land on the north, and the mill property on the west, as the property was carved out by said deeds. At that time, and for many years thereafter the only way from the turnpike to the mill was over the land between the hotel barn and the store; but sometime before 1860, a road was opened from the turnpike to the mill north of the store, and between it and the Wing land, and has been ever since, and most of the travel goes that way in summer, but some goes between the hotel barn and the store, especially in drawing logs in winter.

The plaintiffs contend that Briggs & Trask, under whom they claim, and their successors in title, took the fee in the

land of which the demanded premises are a part, subject to a trust in favor of the owner of the mill, and the mill privileges and the public forever, with a duty to keep the same reasonably open for public travel; and say that the whole use of the land was conveyed, and that thereby the land itself passed, because as Lord Coke says, "if a man seised of lands in fee, by his deed granteth to another the profit of those lands, to have and to hold to him and his heirs, and maketh livery *secundum forman chartae,* the whole land itself doth pass, for what is the land but the profit thereof? for thereby vesture, herbage, trees, mines, and all whatsoever parcel of that land doth pass." Co. Lit. 4 b.

It is undoubtedly true that the grant of the whole use and profit of a thing, with absolute dominion over it, is a grant of the thing itself. But this does not apply when only a part of the use is granted; Lord Coke goes on to say that "if a man hath 20 acres of land, and by his deed granteth to another and his heirs *vesturam tenuc,* and maketh livery of seisin *secundum forman chartae* the land itself shall not pass, because he hath a particular right in the land, for thereby he shall not have the houses, timber, trees, mines, and other real things, parcel of the inheritance, but shall have the vesture of the land, that is, the corn, grass, underwood, swepage, and the like. So if a man grant to another to dig turves in his land and to carry them away at his will and pleasure, the land shall not pass, because but part of the profit is given." Co. Lit. 4 b.

So in this case, as the mill property was not accessible from the turnpike, except across this land, and the deeds provide that the land shall always be kept open for travel, and it does not appear that any other use of the land would have been beneficial to the mill property or the public, it is considered that the whole use of the land is not granted by those deeds, but only the use of it for a way to the mill property from the

turnpike, and that therefore Briggs & Trask took a particular right in the land, namely, a right of way, and consequently that the fee of the land did not pass. For such an easement as this, which does not carry the right of exclusive possession, ejectment does not lie. As this holding is decisive of the case, no other question is considered.

*Judgment affirmed.*