Angelo Scampini et ux. *v.* Margherita Rizzi.

February Term, 1934.

Present:   Powers, C. J., Slack, Moulton, Thompson, and Sherburne, JJ.

Opinion filed May 1, 1934.

282

*C. O. Granai* for the defendant.

*J. Ward Carver* for the plaintiffs.

SHERBURNE, J. This was commenced as an action of tort to recover damages for the obstruction of a driveway. Subsequently a count in ejectment was added. The defendant pleaded the general issue, adverse possession and abandonment. At the close of all the evidence a verdict of guilty and for one cent damages was directed for the plaintiffs upon the count in ejectment. Judgment was entered thereon that the plaintiffs have the seisin and possession of the premises as an open right of way in common with adjoining owners, including the plaintiffs, except that portion occupied by a porch, thirteen or fourteen inches in width, and that plaintiffs have full costs. The only exceptions briefed are to the direction of the verdict and to the exclusion of one question asked of the defendant.

Prior to the date next mentioned, the plaintiffs owned some land on the northerly side of Vine Street in the city of Barre which included the lot now owned by the defendant, the lot next westerly now owned by Ernesto Bai, and the lot now owned by the plaintiffs upon which they reside. The Rizzi and Bai lots abut upon the northerly side of Vine Street. Plaintiffs' lot is in back and northerly of the Bai lot and abuts for a short distance upon the westerly line of the Rizzi lot at its northerly end. On March 18, 1911, plaintiffs by warranty deed conveyed to Felice Rizzi and Margherita Rizzi, husband and wife, defendant's lot. After bounding the lot the deed contained the following sentence: ''Excepting and reserving that ten feet in width the entire length of the Westerly side is reserved to be used in common with adjoining owners for a common driveway, and shall not be built upon nor occupied so as to obstruct the free use thereof for a driveway.'' Felice Rizzi is deceased and the lot is now owned by the defendant as survivor.

Defendant's house faces on Vine Street and its westerly side is near the reserved driveway. There is a back door on that side. In 1915 defendant's husband erected a little porch over this door which extended thirteen or fourteen inches into the driveway. Originally the back of the lot was lower than the front next to the street, and before building the porch he had levelled off the lot all about the house, including the driveway, by drawing on stonechips, gravel, and dirt, and thus raising the ground as much as five feet in places. He had also built a cement walk three or four feet wide along the side of the house from this door to the street. This walk was partly in the driveway. Since that time a son has graded the driveway a little at a time by putting on ashes to keep it levelled up. The driveway has been covered with ''grass, dirt and everything.'' In 1928 the defendant erected a fence across the driveway nearly in front of plaintiffs' house and has refused to remove same upon their demand. This fence has prevented further passing with vehicles.

The defendant claimed, but was not permitted to show, that a driveway of ten feet had also been reserved on the easterly side of the Bai lot next to her lot, making in effect a combined driveway of twenty feet. She admitted that Mr. Scampini ''used to pass in between, using the two driveways, he used·

the driveway on her land and the one on the adjoining property''; that during the time the plaintiffs have lived where they do now he ''used to pass his coal and wood in it''; and that he used the driveway in connection with his buildings right along until the fence was erected in 1928. The son who lives with his mother admitted that Mr. Scampini and ''everybody'' drove through in the middle of the two ten-foot strips, ''that means half on each side,'' and used defendant's ten feet as a driveway, right along until the fence was erected.

There seems to have been no dispute but that the plaintiffs had lived where they do now since before the porch was built. Mrs. Scampini testified that she thought they went to live there eighteen years ago and that they were living there when the porch was built. The defendant, when asked if she knew how many years they had lived there, answered ''13, 14 sure.'' The plaintiffs knew of the building of the porch and never made any objection.

There was no evidence that the cement walk or grading interfered with the use of the driveway as such, or that the porch obstructed the driveway sufficiently to prevent its use. Mr. Scampini's testimony that ''you could get through all right'' was not contradicted.

■ We have related all the facts proven tending to show adverse possession. There was little conflict in the evidence relative to any of the foregoing. Where there was a conflict we have recited only such facts as the evidence most favorable to the defendant tends to show. When the plaintiffs moved for a directed verdict the sole objection of the defendant was that she was entitled to go to the jury upon the question of adverse possession; hence no other objections are available here. *Chase National Bank* v. *Healy,* 103 Vt. 495, 501, 156 Atl. 396; *Grapes* v. *Willoughby,* 93 Vt. 458, 460, 461, 108 Atl. 421.

■ The case was tried upon the theory that the above-quoted portion of the deed reserved to abutting owners a ten-foot driveway in common with the grantees, except that the defendant claimed that the wording was ambiguous as to its location and offered to show that it meant a driveway upon the Bai lot adjoining. The court held that the language was not ambiguous and excluded the offered evidence subject to defendant's exception. This exception is not briefed and consequently is

waived. This being so, we treat it as the law of the case that such a driveway ten feet in width over the westerly side of defendant's lot was reserved. *Gentes* v. *St. Peter,* 105 Vt. 103, 104, 163 Atl. 569.

The defendant claims in effect that the easement of a driveway has been extinguished by her adverse possession. It is obvious that an easement can be extinguished as well as acquired by adverse possession for fifteen years under our statute. Our rule for gaining title to land by adverse possession is that a possession that will work an ouster of the owner must be open, notorious, hostile, and continuous. The tenant must unfurl his flag on his land, and keep it flying so that the owner may see, if he will, that an enemy has invaded his dominions and planted his standard of conquest. *Wells* v. *Austin,* 59 Vt. 157, 165, 10 Atl. 405. Adverse possession, in order to be effective to extinguish an easement, must be open, unequivocal, continued, and equivalent to an ouster of the dominant owner, and incompatible with the possession and use by him. 9 R. C. L. 812.

By the wording of the deed the defendant can do what she wishes with the part of her lot covered by the driveway, except that it "shall not be built upon nor occupied so as to obstruct the free use thereof for a driveway." Since there was no evidence that the cement walk or grading obstructed its free use, the only question is whether the porch erected partly upon the driveway in 1915 constitutes adverse possession of the whole driveway as claimed by the defendant. The court held that the defendant had extinguished the easement only to the extent her porch occupied it.

■ The obstruction of a right of way by building on it, but not to an extent which entirely prevents its use for a passageway, does not constitute such adverse user as will extinguish the entire right of way. If capable of use in part, the easement may continue to exist in the unobstructed portion. *Putnam* v. *Bowker,* 11 Cush. (Mass.) 542; *Brooks* v. *West Boston Gas Co.,* 260 Mass. 407, 157 N. E. 362; *Rupprecht* v. *St. Mary's Roman Catholic Church Soc.,* 198 N. Y. 576, 92 N. E. 1101, affirming 131 App. Div. 564, 115 N. Y. S. 926.

■ As the right of way is still usable in spite of the porch and defendant's fence has not been maintained for the statutory period, we find no error in the directed verdict.

The remaining exception has to do with the exclusion of the following questions:

> "Q. Just before closing this driveway with the fence was there another road nearby, Mrs. Rizzi?"
> "Q. In the driveway, I should have said?"

and the following offer in connection therewith:

> "We propose to show—that all the time Mrs. Rizzi was living in this property she claimed the possession of this property and improved it as her property and built on this property, but never closed it, for the reason that the abutting owner," meaning Mrs. Bai, "also had a roadway and the abutting owner later closed her driveway up and Mrs. Rizzi did likewise, showing if anyone used that driveway it was by permission and nothing else. We are now standing on adverse possession."

The defendant in her brief says that she "endeavored to prove that she exercised ownership to the land in question, but the court excluded the offer," and further says: "The court erred in failing to allow the defendants to introduce evidence to the effect that she was in possession of said land." This is a different ground from the one relied upon below, hence it is unnecessary to consider it. *Cummings* v. *Connecticut Gen. Life Ins. Co.*, 101 Vt. 73, 79, 142 Atl. 82. However, it is apparent from a careful reading of the transcript that the defendant was permitted to testify to all that she and her husband did to the driveway.

For such an easement as this, which does not carry the right of exclusive possession, ejectment does not lie. *Tupper* v. *Ford*, 73 Vt. 85, 88, 50 Atl. 547; *Judd* v. *Leonard*, 1 D. Chip. 204. But as the case was tried upon the contrary theory, acquiesced in by both parties and by the court, we take it accordingly.

Although the verdict of "guilty in manner and form as the plaintiff has alleged in his complaint" and for one cent damages would have been well enough on the count in tort, it was irregular as a verdict in ejectment where a recovery of

seisin and possession was sought. A verdict in ejectment should describe the premises recovered and with such accuracy and certainty, that the same being incorporated into a writ of possession, the officer executing it could put the plaintiff into possession of the exact premises. *Canfield* v. *Hard*, 58 Vt. 217, 227, 2 Atl. 136. The judgment was also irregular because it determined the seisin and possession of the premises without the same having been incorporated into the verdict. *Canfield* v. *Hard*, *supra*. But no exceptions to the form of the verdict and to the judgment having been briefed, such errors as may have been made therein are waived.

*Judgment affirmed.*