Request of House of Representatives,
No. 4600.

OPINION OF THE JUSTICES.

Submitted July 6, 1957.

Answer returned July 9, 1957.

The following answer was returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court submit the following reply to your request for advice upon the question of whether the proposed amendment to RSA 39:2 as contained in Senate Bill No. 149 appears to be in conflict with the Constitution.

The specific issue upon which advice is sought, as we understand it, can be stated as follows: If RSA 39:2 were amended as proposed, when an article in a town warrant called for the appropriation of a specific sum of money for a specific purpose and the voters acting thereunder voted to raise and appropriate a larger sum than that called for in the article would the statute permitting such action violate the constitutional rights of taxpayers? The question assumes that in those towns where the Municipal Budget Law (RSA ch. 32) is in force the total amount appropriated at the meeting would not exceed the limitations therein provided. RSA 32:8, 9.

The answer to this inquiry is in the negative, that is, a town could be authorized to so vote without violating the Constitution or the constitutional rights of any taxpayer.

Towns have only such powers as are granted to them by the State. *Leavitt* v. *North Hampton,* 98 N. H. 193, 197. They are bound by the limits imposed upon them by the Legislature from whom they derive their powers. *Moulton* v. *Beals,* 98 N. H. 461, 466; *State* v. *Goffstown,* 100 N. H. 131, 133.

RSA 31:4 provides that "Towns may at any legal meeting grant and vote such sums of money as they judge necessary for the following purposes." We are assuming in our answer that the object of the proposed appropriation is one that is duly authorized and that other applicable statutory provisions have been complied with.

RSA 39:2 provides that "The subject matter of all business to be acted upon at the town meeting shall be distinctly stated in the warrant, and nothing done at any meeting . . . shall be valid unless the subject thereof is so stated." It has long been the law of this state that the purpose of this requirement "is to inform the inhabitants of the business upon which they are called to act in the meeting,—'to bring before the town substantially and intelligently the subject with which it has to deal.'" *Sawyer* v. *Railroad,* 62 N. H. 135, 158; *Tucker* v. *Aiken,* 7 N. H. 113, 125, 126. If the proposed bill were enacted the amendment itself would inform interested persons that the meeting might lawfully appropriate a sum larger than that specified by the warrant. It is our

opinion that it may be provided by statute that the specific sum of money called for by the warrant can be increased·by the vote of the town without violating the Constitution or the constitutional rights of taxpayers.

FRANK R. KENISON,
LAURENCE I. DUNCAN,
AMOS N. BLANDIN, JR.,
EDWARD J. LAMPRON,
STEPHEN M. WHEELER.

July 9, 1957.

*State Tax Commission* furnished a memorandum.

*Edward J. Bennett,* Senator, Fifth District, also furnished a memorandum.