Strafford
No. 2007-174

KEN GRANT *& a.*

v.

TOWN OF BARRINGTON

Argued: January 31, 2008
Opinion Issued: March 13, 2008

*Soltani/Mosca P.L.L.C.*, of Epsom (*Tony F. Soltani* on the brief and orally), for the petitioners.

*Mitchell & Bates, P.A.*, of Laconia (*Judith E. Whitelaw* on the brief and orally), for the respondent.

HICKS, J. The petitioners, Ken Grant and Robert Ott, appeal an order of the Superior Court (*Houran*, J.) denying their petition for injunctive relief requiring that the defendant, Town of Barrington (town), place a warrant article on the town's official ballot. We affirm.

The trial court's order recited the following facts. The town has adopted the provisions of RSA 40:13 (2000) (amended 2007), pursuant to which it conducts town meetings in two sessions. As such, the town is a so-called SB 2 town. *See* RSA 40:14, V (2000). The first session is a deliberative session, for discussion and possible amendment of proposed articles. *See* RSA 40:13, IV. At the second session, voting by official ballot takes place. *See* RSA 40:13, VI.

The petitioners submitted the following question for placement on the warrant for town meeting:

> To see if the Town of Barrington will vote that infrastructure and landscape development (i.e. road, streets, water, sewer, storm drains, utilities, etc.) of said town center/village district shall be by means of private investors and private developers and not by the Town of Barrington at taxpayer's expense.

The question appeared as submitted on the warrant for the deliberative session held on February 3, 2007. At that session, a motion passed to amend the article by deleting all of the language except the introductory phrase "To see."

The petitioners sought an injunction to require the town to place the article as originally worded on the ballot for the second session. The trial court denied the petition for injunctive relief, ruling that "the voters of the Town of Barrington acted within their authority to amend warrant articles at the deliberative session."

On appeal, the petitioners argue that the trial court erred in: (1) determining that the amendment was within the subject matter of the original warrant article and therefore permissible; and (2) applying RSA 32:10 (Supp. 2007) to this case. As the trial court noted, resolution of this

case involves statutory interpretation. Accordingly, our standard of review is *de novo. See Nenni v. Comm'r, N.H. Ins. Dept.*, 156 N.H. 578, 581 (2007). "In matters of statutory interpretation, we are the final arbiter of legislative intent as expressed in the words of the statute considered as a whole. We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used." *Lacasse v. Spaulding Youth Ctr.*, 154 N.H. 246, 250 (2006) (quotation omitted).

RSA 40:13, IV provides:

> The first session of the meeting, governed by the provisions of RSA 40:4, 40:4-a, 40:4-b, 40:4-f, and 40:6-40:10, shall consist of explanation, discussion, and debate of each warrant article. A vote to restrict reconsideration shall be deemed to prohibit any further action on the restricted article until the second session, and RSA 40:10, II shall not apply. Warrant articles may be amended at the first session, subject to the following limitations:
>
> > (a) Warrant articles whose wording is prescribed by law shall not be amended.
> >
> > (b) Warrant articles that are amended shall be placed on the official ballot for a final vote on the main motion, as amended.

Thus, amendment of warrant articles at the deliberative session is authorized unless the wording is prescribed by law, a restriction not applicable here, and provided that the amended article is placed upon the official ballot for final vote.

Also relevant to this case is RSA 39:2 (2000), which provides in part:

> The subject matter of all business to be acted upon at the town meeting shall be distinctly stated in the warrant, and nothing done at any meeting, except the election of any town officer required by law to be made at such meeting, shall be valid unless the subject thereof is so stated. Provided that in a case where the article in the warrant calls for the appropriation of a specific sum of money, the sum of money appropriated thereunder may be decreased or increased by the vote of the town, provided further that in a town under the municipal budget act no increase shall be valid which would violate the provisions of RSA 32:18, except as provided in RSA 32:18-a.

The trial court noted that from the principles embodied in these statutes, the parties reached a "common understanding, with which the court agrees, that voters may not vote onto the ballot subjects which were not noticed to be addressed at the deliberative session."

On appeal, the petitioners describe this "common understanding" as an agreement that an amendment "may not change the subject matter of the proposed Warrant Article." They assert that an article amended so as to delete its substance is not "within the same subject matter" as the original article. They contend that "the trial court erroneously found that nothing is within the same subject matter as a village center. By an extension of the same logic, if nothing is within this subject matter, then nothing is always within the subject matter of every proposed Warrant Article." This merely restates the pertinent question: can a warrant article, regardless of its original subject matter (unless it is one with wording prescribed by law), be validly amended to have effectively no subject matter?

Contrary to the petitioners' premise, the implicit restriction upon amendment of warrant articles contained in RSA 39:2 is not that the amendment must be within the same subject matter as the original, but that the amendment may not add a subject matter not originally noticed to the voters. The purpose of RSA 39:2's requirement that a warrant state the subject matter to be acted upon at a town meeting "is to inform the inhabitants of the business upon which they are called to act in the meeting." *Opinion of the Justices*, 101 N.H. 544, 545 (1957) (quotation omitted). We agree with the town that, with respect to SB 2 towns,

> [t]he prohibition against changing the subject of a warrant article is to ensure that subjects that were not noticed to voters are not inserted into the articles at the deliberative session. This protects the voters who decided not to attend the first session from new subjects being addressed about which they had no notice and therefore did not have an opportunity to consider when deciding whether they were interested in attending the deliberative session.

█ The original warrant article adequately notified voters that those interested in the funding source for infrastructure and landscape development in the town center/village district should attend the deliberative session. Such voters had the opportunity to attend the deliberative session to consider, discuss and participate in any business pertaining to that article, including the very amendment that deleted its substance. We agree with the town that because "[t]he article as amended did not contain a new subject matter that was not noticed on the warrant, . . . the amendment did not violate the purpose of the notice requirement," and was not contrary to RSA 39:2.

█ The petitioners next argue that "the proposed amendment was not an amendment at all[,] [b]ut . . . was a final vote on the entire Warrant

Article," or, in the alternative, was a vote to restrict reconsideration of the article under RSA 40:13, IV. Citing RSA 40:13, IV and RSA 39:3 (2000), the petitioners assert that "[t]he deliberative session, by law, may amend articles but may not deprive the voters or take final action on the same." We disagree. RSA 39:3 grants a "right to have an article inserted in the warrant" for a town meeting based upon the timely submission of the written application of a specified number of registered voters. RSA 40:13, IV requires that "[w]arrant articles that are amended shall be placed on the official ballot for a final vote on the main motion, as amended." The trial court specifically found this requirement satisfied: the court noted it was undisputed that "the warrant article which is the subject of this litigation is on the ballot as amended." We find nothing in RSA 40:13, IV or RSA 39:3 that prevents voters at the deliberative session from effectively removing a subject from consideration at the second session by amending an article to delete the entire subject thereof.

We find support for this interpretation in RSA 32:10, which provides, in part:

> I. If changes arise during the year following the annual meeting that make it necessary to expend more than the amount appropriated for a specific purpose, the governing body may transfer to that appropriation an unexpended balance remaining in some other appropriation, provided, however, that:
>
> . . . .
>
> (e) The town or district meeting may vote separately on individual purposes of appropriation contained within any warrant article or budget, but such a separate vote shall not affect the governing body's legal authority to transfer appropriations, provided, however, that if the meeting deletes a purpose, or reduces the amount appropriated for that purpose to zero or does not approve an appropriation contained in a separate article, that purpose or article shall be deemed one for which no appropriation is made, and no amount shall be transferred to or expended for such purpose.

The town contends that the amendment to the article at issue here "is analogous to an amendment that reduces a proposed appropriation to zero—both eviscerate the purpose of the article." The town correctly points out that, in an SB 2 town, the voters may delete a purpose of appropriation or "zero out" an appropriation only at the deliberative session. As the town also correctly notes, that action "necessarily deprives the voters at the second session of town meeting from having a meaningful vote on the original proposed appropriation." Thus, RSA 32:10 implicitly

recognizes authority to amend an article to delete its purpose, which, in an SB 2 town, would deprive the voters at the second session of the opportunity to vote on that purpose.

We construe statutes, "[w]here reasonably possible, . . . so that they lead to reasonable results and do not contradict each other." *Sprague Energy Corp. v. Town of Newington*, 142 N.H. 804, 806 (1998). We therefore decline to read RSA 40:13, IV, RSA 39:2 or RSA 39:3 to nullify an authority implicitly recognized by RSA 32:10.

The petitioners next contend that the trial court erred in concluding that RSA 32:10, I(e) expressly granted voters the authority to amend the warrant article to delete its substance. We need not address this argument, however, as the trial court's interpretation of RSA 32:10 provided essentially an alternative justification for its ruling, and our analysis above does not depend upon an express grant of authority by RSA 32:10.

In the concluding paragraph of their brief, the petitioners assert, without further discussion, that the town's failure to present the original warrant article to the voters "deprived the rights of the citizens of Barrington along with the petitioners of the right to franchise, the right to petition their government and the right to due process and equal protection under the law guaranteed under . . . Articles 1, 2, 7, 11, 14 and 32 of Part I of the New Hampshire Constitution." "[O]ff-hand invocations of the State Constitution . . . supported neither by argument nor by authority . . . warrant[] no extended consideration." *Keenan v. Fearon*, 130 N.H. 494, 499 (1988). Accordingly, we need not address the petitioners' constitutional claims.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.