NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2016-0152


HARRIET E. CADY

v.

TOWN OF DEERFIELD

Argued: November 16, 2016
Opinion Issued: January 18, 2017


Harriet E. Cady, self-represented party, by brief.


Upton & Hatfield, LLP, of Concord (Barton L. Mayer and Michael P. Courtney on the brief, and Mr. Mayer orally), for the respondent.


LYNN, J. The petitioner, Harriet E. Cady, appeals an order of the Superior Court (Delker, J.) denying her petition for injunctive relief against the respondent, the Town of Deerfield (Town). We affirm.

I

The relevant facts are as follows. The Town has adopted the provisions of RSA 40:13 (Supp. 2016), pursuant to which it conducts its town meetings in two sessions. As such, the Town is a so-called SB 2 municipality. See RSA 40:14, V (Supp. 2016). The first session is deliberative in nature and consists

of "explanation, discussion, and debate" over each proposed warrant article. RSA 40:13, IV (Supp. 2016).  Warrant articles may be amended at the deliberative session, subject to the following statutory limitations:

> (a) Warrant articles whose wording is prescribed by law shall not be amended.

> (b) Warrant articles that are amended shall be placed on the official ballot for a final vote on the main motion, as amended.

> (c) No warrant article shall be amended to eliminate the subject matter of the article.  An amendment that changes the dollar amount of an appropriation in a warrant article shall not be deemed to violate this subparagraph.

RSA 40:13, IV(a)-(c) (emphasis added).  Final voting occurs by official ballot during the second session.  RSA 40:13, VI-VII.

On January 30, 2016, the Town held a deliberative session.  During the session, two petitioned warrant articles, titled Article 16 and Article 17, were considered and amended as follows.  The original text of Article 16 read:

> We the undersigned registered voters of [Town] petition the [Town] Welfare Director be an elected position as of March, 2016 to be paid no more than $5,000 per year with no raises as an employee but raises to be given if voted by the taxpayers by a Warrant Article.

After Article 16 was amended, it read:

> Shall we express an advisory view that the position of [Town] Welfare Director be an appointed position as it is at the present time?

Similarly, Article 17 initially read:

> We the undersigned registered voters of [Town] petition the [Town] Police Chief be an elected position as of March, 2017 to be paid $65,000 per year with cost of living increases each year if voted by the taxpayers.

After Article 17 was amended, it read:

> Shall we express an advisory view that the position of [Town] Police Chief be an appointed position as it is at the present time[?]

2

Following the amendment of the two articles, the petitioner filed a petition for injunctive relief against the Town requesting an immediate hearing on the grounds that the alterations violated RSA 40:13, IV(c). The Town objected and moved to dismiss. The trial court held an evidentiary hearing on February 5 and denied the petition on February 10, concluding that the amendments to Articles 16 and 17 did not "remove or eradicate the subject matter of the original articles" and thus did not violate RSA 40:13, IV(c). This appeal followed.

II

On appeal, the petitioner appears to argue that: (1) RSA 40:13, IV(c) prohibits a town from amending a petitioned warrant article in a manner that changes or eliminates the intent or subject matter of the warrant article; and (2) the January 30 amendments to Articles 16 and 17 changed and/or eliminated the intent and subject matter of the articles.

"[R]esolution of this case involves statutory interpretation." Grant v. Town of Barrington, 156 N.H. 807, 808-09 (2008). "Accordingly, our standard of review is de novo." Id. at 809. "In matters of statutory interpretation, we are the final arbiter of legislative intent as expressed in the words of the statute considered as a whole." Id. (quotation omitted). "We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used." Id. (quotation omitted). "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." Attorney General, Dir. of Charitable Trusts v. Loreto Publ'ns, 169 N.H. 68, 74 (2016) (quotation omitted). "Unless we find statutory language to be ambiguous, we will not examine legislative history." Id. (quotation omitted).

The petitioner first argues that RSA 40:13, IV(c) prohibits amendments that change or eliminate the subject matter or intent of a petitioned warrant article. RSA 40:13, IV(c) provides, in pertinent part, that "[n]o warrant article shall be amended to eliminate the subject matter of the article."

The petitioner appears to argue that amendments that change the intent or purpose of an article effectively eliminate the subject matter of that article. Her argument, in effect, is that the subject matter of a warrant article should be narrowly construed. For example, in this case, she argues that the subject matter of the proposed warrant articles was whether the Town should elect the police chief and welfare director. Thus, she argues that the amendments, by changing the warrant articles to ask whether the police chief and welfare director should remain appointed positions, eliminated the subject of whether those positions should be elected.

3

Conversely, the Town argues that the subject matter of a warrant article should be more broadly construed. Thus, with regard to the proposed warrant articles, it argues that the subject matter concerned how the positions of welfare director and police chief should be filled, rather than whether the welfare director and police chief should be elected.

RSA 40:13, IV(c) provides no specific guidance as to whether the phrase "subject matter" should be narrowly construed, in the manner the petitioner advocates, or more broadly construed, in accordance with the Town's position. Because we conclude that the phrase "subject matter" is subject to more than one reasonable interpretation, it is ambiguous. See Loreto Publ'ns, 169 N.H. at 74. We therefore look to the statute's legislative history to determine the phrase's meaning. See id.

RSA 40:13, IV(c) was enacted in response to our decision in Grant, in which we held that the voters in an SB 2 municipality could amend a warrant article "to delete the entire subject thereof." Grant, 156 N.H. at 811. The warrant article in Grant originally read:

> To see if the Town of Barrington will vote that infrastructure and landscape development (i.e. road, streets, water, sewer, storm drains, utilities, etc.) of said town center/village district shall be by means of private investors and private developers and not by the Town of Barrington at taxpayer's expense.

Id. at 808. After the warrant article was amended, it stated only "To see." Id.

Following Grant, a bill was introduced in the House of Representatives to prevent warrant articles from being "amended to delete the substance of the original subject matter." H.B. 77, 2011 Sess. (N.H. 2011). One of the bill's sponsors stated that the bill was introduced to prevent warrant articles from being amended to the phrase "To see," arguing that "no article should be amended so that you can't even see what it [is] about." Relative to Amendments to Warrant Articles: Hearing on H.B. 77 before the H. Comm. on Mun. and Cnty. Gov't (January 18, 2011) (statement of Rep. Kathleen M. Hoelzel). The House Committee on Municipal and County Government echoed this concern when it found that "eliminat[ing] all the subject matter [of an article] creates confusion and often discourages citizen[s'] participation." N.H.H.R. Jour. 80 (2011) (emphasis added). The statute was thus designed to prevent warrant articles from being amended so as to remove all of their meaning.

The legislative history of RSA 40:13, IV(c) demonstrates that the statute was intended to prohibit warrant articles from being amended in a manner that eliminates their subject matter entirely, thereby making it impossible for voters at the second session to determine what the article is about. Thus, RSA 40:13,

IV(c) does not prohibit amendments that change, but do not eliminate, the entire subject matter of warrant articles.

The petitioner next argues that RSA 40:13, IV(c) prohibits warrant articles from being amended to change the intent of the articles. We find this argument unpersuasive. The text of RSA 40:13, IV(c) plainly prohibits only amendments that eliminate the subject matter of a warrant article. Accepting the petitioner's argument would require us to read the word "intent" into the statute, which we will not do. See Loreto Publ'ns, 169 N.H. at 74 (stating that we will not "add language that the legislature did not see fit to include").

Our conclusion here is consistent with the legislature's recent rejection of a proposed amendment to RSA 40:13, IV(c). In 2016, House Bill 1389 sought to modify the language of RSA 40:13, IV(c) as follows: "No **petitioned** warrant article shall be amended to [eliminate] **change** the subject matter **or the intent** of the article."[1] H.B. 1389, 2016 Sess. (N.H. 2016). This bill would have amended the statute precisely as the petitioner contends the present version of the law should be construed. Significantly, however, the legislature rejected H.B. 1389.[2] For these reasons, we conclude that RSA 40:13, IV(c) prohibits only amendments that eliminate a warrant article's textual subject matter, not amendments that may change the intent or purpose sought to be achieved by the article's drafters.

We next turn to the petitioner's contention that the January 30 amendments eliminated the subject matter of the warrant articles in question. She argues that by changing the articles from the question of whether the welfare director and police chief should be elected to the question of whether those positions should continue to be filled by appointment, the Town eliminated the subject matter of the articles.[3] We disagree.

As explained above, RSA 40:13, IV(c) prohibits amendments that eliminate the entirety of the subject matter of a warrant article. Although the proposed warrant articles posed the question of whether two municipal

---

[1] Matter added to current law appears in **bold**. Matter removed from current law appears [in brackets and struckthrough].

[2] Although subsequent legislative history is not always helpful in construing a statute's meaning, see Kneeland v. Administrator, Unemployment Comp. Act, 88 A.2d 376, 378 (Conn. 1952), here we find the rejection to support our interpretation of RSA 40:13, IV(c).

[3] In support of her argument, the petitioner also relies upon an unpublished superior court order that addressed the issue of whether amendments to warrant articles violated RSA 40:13, IV(c): Alan Bailey v. Town of Exeter, No. 218-2011-CV-203 (N.H. Super. Ct. May 27, 2011). In that case, the parties conceded that the amendments to the warrant articles in question rendered one article moot and one article a nullity. The court, in construing RSA 40:13, IV(c), ruled that "[t]he only way the phrase 'no warrant article shall be amended to eliminate the subject matter of the article' can be logically read is to conclude that any amendment that made the subject matter of the article a nullity was forbidden." Here, however, the petitioner has not demonstrated that the January 30 amendments either made Articles 17 or 18 moot or rendered them a nullity.

positions should be elected, the subject matter of the articles encompasses the broader question of how the town should fill those two municipal positions, i.e., by election or appointment.  Therefore, because the amended warrant articles did not entirely eliminate the subject matter of the proposed warrant articles, the January 30 amendments do not violate RSA 40:13, IV(c).

Accordingly, we affirm the trial court's denial of the petitioner's petition for injunctive relief.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, and BASSETT, JJ., concurred.