NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

—————————

Merrimack
No. 2016-0251


CAROLYN J. CARLSON, TRUSTEE OF THE CAROLYN J. CARLSON
LIVING TRUST

v.

LATVIAN LUTHERAN EXILE CHURCH OF BOSTON AND VICINITY
PATRONS, INC.

Argued:  April 11, 2017
Opinion Issued:  September 21, 2017


Tarbell & Brodich, P.A., of Concord (David E. LeFevre on the brief and orally), for plaintiff Carolyn J. Carlson, Trustee of the Carolyn J. Carlson Living Trust.


Orr & Reno, P.A., of Concord (Lisa Snow Wade on the brief and orally), for the defendant.


LYNN, J.  The defendant, Latvian Lutheran Exile Church of Boston and Vicinity Patrons, Inc. (Patrons), appeals an order of the Superior Court (Colburn, J.) declaring that it does not have an easement to use a private road to access Lake Massasecum.  Plaintiff Carolyn J. Carlson, Trustee of the Carolyn J. Carlson Living Trust (Carlson), cross-appeals the trial court's denial

of Carlson's petition to quiet title. Because we find that Carlson lacked standing to pursue both her actions, we affirm the trial court's ruling that she lacked standing on her petition to quiet title, vacate the trial court's grant of declaratory relief, and remand.

I

The relevant facts are as follows. One of the plaintiffs in the underlying lawsuit, Shirley Kingsbury, owned property in Bradford that borders both Lake Massasecum and Davis Road, which is a public road. A private driveway runs across the property from Lake Massasecum to Davis Road. Carlson also owns property on Lake Massasecum, and her deed to that property includes an easement to use the driveway to access her property.

The present dispute began in August 2012 when Patrons, after consulting with counsel, told Carlson and Kingsbury that it had a right to use the driveway to access the lake. In November 2012, after Carlson and the other lakefront tract owners had left for the season, Patrons proceeded to widen, place crushed gravel upon, and cut back branches alongside the driveway. Thereafter, over the next year, a number of disputes occurred between the parties over whether Patrons had a right to use the driveway to access the lake.

In 2014, Carlson and Kingsbury petitioned the trial court to quiet title to the driveway. They also sought a declaratory judgment that Patrons had no deeded right to use the driveway or, alternatively, that Patrons lost its deeded right to use the driveway through ouster. Patrons counterclaimed, seeking a declaratory judgment that it: (1) owns a valid deeded easement over the driveway; (2) has prescriptive rights over the driveway; and (3) has a right to use the driveway because the various deeds at issue contain equitable servitudes in its favor. Each party also requested permanent injunctive relief.

The trial court held a bench trial over three days in July 2015, at which point the trial was suspended pending further hearing. Before the trial could resume, Kingsbury sold her lot to Lois and Fred Schweizer and withdrew from the case with the assent of both Carlson and Patrons. After the Schweizers were notified of the pending action, they informed counsel for both parties that "they did not want to participate in the litigation." The deed from Kingsbury to the Schweizers stated that the lot was being conveyed:

> . . . SUBJECT TO the case of Carolyn J. Carlson, Trustee of the Carolyn J. Carlson Living Trust et al v. Latvian Lutheran Exile Church of Boston and Vicinity Patrons, Inc. . . . now pending and docketed in the Merrimack County Superior Court as case number 217-2014-CV-00044. The Sellers herein make no warranties or a

2

representation concerning said action and the Buyer takes subject to same.

Neither Carlson nor Patrons added the Schweizers as parties to the case.

The trial resumed on December 8, 2015. After Carlson rested, Patrons moved for a directed verdict on Carlson's petition to quiet title, arguing that she lacked standing. The trial court denied Patrons' motion, but stated that it would review the issue at the close of the trial. The trial continued for another two days.

Thereafter, Patrons renewed its argument that Carlson lacked standing with respect to her petition to quiet title and argued that Carlson also lacked standing to pursue a declaratory judgment. The trial court issued an order ruling that Carlson lacked standing on her petition to quiet title, but had standing to pursue her claim for declaratory relief. As to the latter claim, the trial court's order ruled on the merits that Patrons had no right to use the driveway. This appeal and cross-appeal followed.

On appeal, Patrons challenges the trial court's rulings that: (1) Carlson had standing to challenge Patrons' use of the driveway; (2) Patrons did not have a deeded right of way over the driveway; and (3) Patrons had no right to use the driveway based upon an equitable servitude in Carlson's chain of title. In the cross-appeal, Carlson challenges the trial court's ruling that she lacked standing to pursue her quiet title action against Patrons.

II

Patrons' first argument is that Carlson lacked standing to seek declaratory relief regarding Patrons' use of the driveway. Patrons argues that an easement holder, such as Carlson, has standing to challenge an alleged trespass only if the trespass interferes with the easement holder's rights. Thus, Patrons contends that, because the trial court found that Patrons' use of the driveway had not interfered with Carlson's use of the driveway, her easement rights had not been impaired, and, therefore, she lacked standing to seek a declaratory judgment.

Conversely, Carlson argues that, regardless of any interference by Patrons with her use of the driveway, she had standing based on three alternative grounds: (1) pursuant to RSA 491:22 (Supp. 2016); (2) based upon her status as an easement holder; and (3) based upon the procedural posture of the case.

Carlson first contends that she has standing pursuant to RSA 491:22. To resolve this issue, we must engage in statutory interpretation. "Accordingly, our standard of review is de novo." Cady v. Town of Deerfield, 169 N.H. 575,

3

577 (2017) (quotation omitted). "In matters of statutory interpretation, we are the final arbiter of legislative intent as expressed in the words of the statute considered as a whole." Id. (quotation omitted). "We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used." Id. (quotation omitted). "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. (quotation omitted).

RSA 491:22, I, provides, in relevant part: "Any person claiming a present legal or equitable right or title may maintain a petition against any person claiming adversely to such right or title to determine the question as between the parties, and the court's judgment or decree thereon shall be conclusive." To establish standing to bring a declaratory judgment proceeding under RSA 491:22, I, a party must show that some right of the party has been impaired or prejudiced. See Duncan v. State, 166 N.H. 630, 645 (2014). "To meet this requirement, a party seeking declaratory relief must show that the facts are sufficiently complete, mature, proximate and ripe to place the party in gear with the party's adversary, and thus to warrant the grant of judicial relief." Id. (quotation and brackets omitted). "The claims raised must be definite and concrete touching the legal relation of parties having adverse interests, and must not be based upon a hypothetical set of facts." Id. (quotation omitted).

Here, Carlson has a right to use the driveway to access her property and Lake Massasecum. Patrons also claims a right to use the same driveway to access the lake. Significantly, however, neither Carlson nor Patrons claims to have an exclusive right to use the driveway. Thus, the parties' claimed rights to use the driveway are not inherently adverse; both parties can hold and exercise a right to use the driveway without interfering with the other's respective right. In this case, Carlson testified that Patrons has not interfered with her right to use the driveway. Because Patrons' claim of a right to use the driveway and its exercise of that right are not interfering with Carlson's exercise of her right to use the driveway, Patrons' interest is not adverse to Carlson's interest. Therefore, because Patrons is not "claiming adversely" to Carlson's right, she lacks standing to maintain her petition for declaratory judgment.

Carlson argues that she has standing to bring a declaratory judgment action under this statute without showing that Patrons interfered with her easement rights because the statute permits an action to be brought before any actual invasion of rights has occurred. Carlson is correct that "[t]he distinguishing characteristic of the [declaratory] action is that it can be brought before an actual invasion of rights has occurred." Portsmouth Hosp. v. Indemnity Ins. Co., 109 N.H. 53, 55 (1968). Thus, a "[c]laim of legal or equitable right on the one hand and its denial on behalf of an adverse interest constitute a cause for proceeding for a declaratory judgment." Id. at 56

4

(quotation omitted).  However, the ability to obtain a declaratory judgment before an invasion of rights has occurred does not obviate the standing requirement that the controversy involve adverse interests that are not based upon hypothetical facts.  See Duncan, 166 N.H. at 645.

Here, Patrons' claimed right is not inherently adverse to Carlson's right to use the driveway.  Furthermore, not only was there no evidence that Patrons' use of the driveway interfered with Carlson's use of the driveway, but there was also no evidence that Patrons is likely to overburden or otherwise interfere with Carlson's right sometime in the future.  Therefore, Carlson lacks standing to bring a declaratory judgment action for interference with her easement rights not because no actual invasion of those rights has yet occurred, but because the asserted invasion of rights that she seeks to prevent is purely speculative.  See Avery v. N.H. Dep't of Educ., 162 N.H. 604, 608 (2011) (A declaratory judgment action "cannot be based on a hypothetical set of facts." (quotation omitted)); cf. Prasco, LLC v. Medicis Pharmaceutical Corp., 537 F.3d 1329, 1339-42 (Fed. Cir. 2008) (holding that a party lacked standing under the Federal Constitution to maintain a declaratory judgment action based upon a "purely subjective or speculative fear of future harm").

Carlson next argues that she had standing based upon her status as an easement holder to bring a declaratory judgment action to stop Patrons' trespass across the easement.  Because an easement is a non-possessory interest in land, see 4 Richard R. Powell, Powell on Real Property § 34.01[1], at 34-5 (Michael Allen Wolf ed. 2017), easement owners cannot bring actions that are traditionally established to protect possession, such as trespass and ejectment.  See Low v. Streeter, 66 N.H. 36, 38 (1889) ("A grant of a right of way over land does not convey the soil, or any corporeal interest in it, and it necessarily follows that such an owner cannot prevent even a trespasser from using the land, if his use does not impede the exercise of the right of passage."); see also Roundy's Inc. v. N.L.R.B., 674 F.3d 638, 652-55 (7th Cir. 2012) (ruling that because a non-exclusive easement holder does not hold a possessory interest in the underlying fee, the easement holder cannot enjoin a trespasser from using the property absent a showing that the trespasser's use interferes with the easement holder's use); Attorney General v. Dime Sav. Bank, 596 N.E.2d 1013, 1016 (Mass. 1992) ("It is well settled that an action of trespass, being a possessory action, cannot be maintained, unless the plaintiff had the actual or constructive possession of the property trespassed upon at the time of the trespass." (quotation and brackets omitted)); Scampini v. Rizzi, 172 A. 619, 622 (Vt. 1934) (holding that an action for ejectment is unavailable to the owner of an easement that does not carry the right of exclusive possession).  However, if the easement owner can demonstrate that the trespasser is interfering with the easement owner's use of the easement, the easement owner generally can maintain an action to enjoin the trespasser from further interference.  See, e.g., Catania v. Vanacore, 70 A.2d 136, 137 (Conn. 1949) (The act of a person unlawfully going upon land does not constitute a

trespass against the owner of an easement to use that land unless that act disturbs or obstructs the easement owner's use of the easement.).

Some courts have held that easement holders have standing to prevent a trespasser from using the easement even without a showing that the trespasser interfered with the easement holder's use of the easement. See, e.g., Kao v. Haldeman, 728 A.2d 345, 348-49 (Pa. 1999); Shore v. Friedman, 16 A.2d 727, 730-31 (Pa. Super. Ct. 1940). However, we decline to follow this minority view because it conflicts with our standing jurisprudence. Cf. Lake v. Sullivan, 145 N.H. 713, 717 (2001) (affirming the trial court's ruling that the plaintiff "lacked standing to bring his common law claim of trespass because he failed to offer proof that his possessory interest had been disturbed" (emphasis added)). Consequently, we conclude that the holder of a non-exclusive easement cannot maintain an action against a trespasser without alleging actual or likely interference with the easement holder's use and enjoyment of its non-possessory rights.

Carlson next asserts that she has standing based upon the procedural posture of the case. In particular, Carlson argues that the following facts collectively give rise to standing: (1) at the outset of this litigation, Kingsbury, then the owner of the fee to the driveway, was a party to the case; (2) after Kingsbury sold her property to the Schweizers, both parties were given the opportunity to add the Schweizers as parties; (3) both parties chose not to add the Schweizers as parties; (4) the Schweizers were notified of the litigation and affirmatively declined to participate; (5) the Schweizers took the property subject to the pending litigation; and (6) both parties proceeded with the remainder of the trial. Carlson argues that this factual situation is similar to the situation in Mansur v. Muskopf, 159 N.H. 216 (2009), in which we rejected an argument that an easement holder lacked standing to pursue a claim of trespass. See Mansur, 159 N.H. at 226-27. We disagree.

Our decision in Mansur is readily distinguishable from the present case. Notably, in Mansur, we concluded, based upon the record, that "the issue of whether the respondents' actions in building a new house interfered with the petitioners' deeded easement rights was properly before the trial court." Id. at 226 (emphasis added). Thus, contrary to Carlson's assertion, Mansur provides no authority for the view that an easement holder can maintain a declaratory judgment action against a trespasser in the absence of interference. Accordingly, because none of the factual circumstances that Carlson relies upon establish either adversity or interference, she lacks standing to pursue her declaratory judgment action.

Therefore, for the foregoing reasons, we vacate the trial court's grant of a declaratory judgment to Carlson and remand with instructions to dismiss the petition for lack of subject matter jurisdiction. See Duncan, 166 N.H. at 640

6

(holding that the lack of standing deprives a court of subject matter jurisdiction to adjudicate a controversy).

III

In her cross-appeal, Carlson contends that the trial court erred in denying her petition to quiet title. In its order, the trial court ruled that the Schweizers were necessary parties to Carlson's quiet title action because they owned the fee to the driveway. Carlson argues that this ruling is erroneous because: (1) the Schweizers were not necessary parties under RSA 498:5-a (2010) for Carlson's quiet title action; and (2) even if the Schweizers were necessary parties, they were bound by the trial court's decision because they had actual notice of the litigation, affirmatively elected not to participate, and acquired the property subject to the pending litigation. However, we need not address her argument because we find that Carlson lacked standing to pursue her quiet title action. See Duncan, 166 N.H. at 640 ("[B]ecause standing is a question of subject matter jurisdiction, we may raise the issue of a party's standing sua sponte.").

The quiet title statute provides, in relevant part:

> An action may be brought in the superior court by any person claiming . . . any interest in . . . real or personal property, or both, against any person who may claim . . . to have any interest in the same . . . adverse to the plaintiff . . . , whether or not the plaintiff is entitled to the immediate or exclusive possession of such property, for the purpose of determining such adverse . . . claim, and to clear up all doubts and disputes and to quiet and settle the title to the same . . . .

RSA 498:5-a (emphasis added). It is clear from the language of RSA 498:5-a that a person may only bring a quiet title action against another person who may claim to have an adverse interest. Id. As discussed above, Carlson's interest in the driveway is not adverse to Patrons' claimed interest in the driveway. Moreover, Carlson does not assert that Patrons (or anyone else) contests Carlson's own easement rights to use the driveway. Accordingly, because Carlson lacks standing to maintain a quiet title action against Patrons, we affirm the trial court's dismissal of her quiet title action.

Affirmed in part; vacated in part; and remanded.

DALIANIS, C.J., and HICKS, J., concurred.

7