NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

2nd Circuit Court-Plymouth Family Division
Case No. 2021-0419
Citation: In the Matter of Satas & Crabtree-Satas, 2024 N.H. 4

IN THE MATTER OF ALDEN SATAS AND COURTNEY CRABTREE-SATAS

Argued: September 14, 2023
Opinion Issued: January 24, 2024

Schwartzberg Law, of Plymouth (John T. Katsirebas, Jr. on the brief and orally), for the petitioner.

Normandin, Cheney & O'Neil, PLLC, of Laconia (William D. Woodbury on the brief and orally), for the respondent.

HANTZ MARCONI, J.

[¶1] The respondent, Courtney Crabtree-Satas, brings this interlocutory appeal challenging orders of the Circuit Court (Boyle, J.) granting parenting time with the respondent's biological child to the petitioner, Alden Satas. We vacate and remand.

[¶2] We accept the statement of facts as presented in the interlocutory appeal statement and rely upon the record for additional facts as necessary. See In the Matter of Liquidation of Home Ins. Co., 175 N.H. 363, 364 (2022).

The petitioner and the respondent married in May 2012, when the respondent's biological child was approximately two and a half years old. The parties separated in April 2016 and the petitioner filed for divorce in August of that year. A final divorce decree issued in February 2017, along with a parenting plan that referenced only a different child born to the parties during their marriage and contained no provision regarding the respondent's child (the child). The petitioner never adopted the child, nor was he ever granted guardianship of the child. No court orders regarding the petitioner's alleged parenting rights with respect to the child were issued during the parties' marriage or divorce. Nevertheless, the child continued to reside with the petitioner for some time after the divorce until discord between the parties resulted in the child going to live with the respondent.

[¶3] In December 2020, the petitioner filed a parenting petition seeking, as the child's stepfather, a parenting plan concerning the child. The respondent moved to dismiss, arguing, among other things, that the petitioner did not have standing to file a parenting petition because his status as the child's stepparent ended when the parties divorced. The petitioner filed an objection, and, after addressing the matter at a temporary hearing, the trial court issued two orders finding that the petitioner had standing to request parenting rights and responsibilities and ordering parenting time with both parties on a temporary basis.

[¶4] The respondent filed a motion to, in relevant part, clarify and reconsider, to which the petitioner objected. The court issued an order granting in part, and denying in part, the respondent's motion. As relevant to this appeal, the court reaffirmed its finding that the petitioner had standing to seek parental rights and responsibilities with respect to the child.

[¶5] The respondent requested an interlocutory transfer of three questions to this court, which the trial court approved. The questions transferred on interlocutory appeal are as follows:

I.   Did the trial court err when it found that [the petitioner] "is the stepparent" of [the child], pursuant to RSA 461-A:6(V), which allows for reasonable visitation privileges to a party "who is a stepparent" if the same is in the best interests of the children, given that the definition of stepparent cited by the trial court specifies that a stepparent is "the spouse of one's . . . mother" and [the petitioner] and [the respondent] have been divorced since 2017 and the [respondent] is now remarried?

II.  Did the Court err when it held that the [petitioner] had standing to bring a petition for parenting rights and

responsibilities with respect to . . . [the respondent's child] from a prior relationship, by adopting Petitioner's theory that [he] "established the status of in loco parentis between himself and [the child]" when the Parties divorced more than three years and eight months prior to the [petitioner's] petition, no parenting order regarding [the child] was ever proposed or pursued by either Party, and [the petitioner] ousted [the child] from his home in May of 2020, nearly six months prior to the filing of [the petitioner's] petition?

III. Did the trial court violate the [respondent's] Constitutional rights under Part I, Article 2, of the New Hampshire Constitution, as well as under the due process clause of the 14th Amendment to the United States Constitution, when it held that the [petitioner] had standing to bring a petition for parenting rights and responsibilities with respect to . . . [the respondent's child] from a prior relationship, by adopting Petitioner's theory that [he] "established the status of in loco parentis between himself and [the child]" when the Parties divorced more than three years and eight months prior to the [petitioner's] petition, no parenting order regarding [the child] was ever proposed or pursued by either Party and [the petitioner] ousted [the child] from his home in May of 2020, nearly six months prior to the filing of [the petitioner's] petition?

We answer the first question in the affirmative and need not address the second or third.

[¶6] The first transferred question requires us to interpret RSA 461-A:6, V, which provides:

> If the court determines that it is in the best interest of the children, it shall in its decree grant reasonable visitation privileges to a party who is a stepparent of the children or to the grandparents of the children pursuant to RSA 461-A:13. Nothing in this paragraph shall be construed to prohibit or require an award of parental rights and responsibilities to a stepparent or grandparent if the court determines that such an award is in the best interest of the child.

RSA 461-A:6, V (2018).

[¶7] Statutory interpretation "presents a question of law subject to de novo review." In re J.P.S., 175 N.H. 621, 624 (2023) (quotation omitted). "We

3

first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning." Id. (quotation omitted). "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." Id. (quotation omitted). "Absent an ambiguity, we need not look beyond the language of the statute to discern legislative intent." Id. (quotation omitted).

[¶8] The respondent argues that the petitioner is not a stepparent for purposes of RSA 461-A:6, V because the "statutory references to the rights of non-parents refer to individuals who have a current stepparent relationship." We agree. Notably, the statute uses the present tense, referring to "a party who is a stepparent." RSA 461-A:6, V (emphasis added). Employing the definition of stepparent as "[t]he spouse of one's mother or father by a later marriage," Black's Law Dictionary 1341 (11th ed. 2019), we conclude that a stepparent for purposes of RSA 461-A:6, V must be the current spouse of the child's mother or father.

[¶9] The petitioner nevertheless asserts that "[s]tepparent status is a relationship, not a legal status that is extinguished upon divorce." The petitioner's contention cannot stand, however, in light of Ruben v. Ruben, 123 N.H. 358 (1983), in which we observed that "the stepparent relationship ceases upon dissolution of the marriage." Ruben, 123 N.H. at 362. To the extent the petitioner contends that Ruben is inapposite because it dealt with support rather than parenting rights and responsibilities, we disagree. Ruben concluded that "absent a valid adoption, a stepparent's duty to support a stepchild pursuant to RSA chapter 546-A ceases" upon divorce "because the stepparent relationship ceases upon dissolution of the marriage." Id. In other words, termination of the stepparent relationship was the general proposition upon which our narrower holding regarding the duty to support was based. That general proposition is equally applicable here.

[¶10] The petitioner further contends that this interpretation would lead to an absurd result, contrary to our canons of statutory construction. See Doe v. Attorney General, 175 N.H. 349, 352 (2022) ("We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result."). He argues that if "stepparent status is terminated upon divorce, then all awards made by the Court granting parenting rights and responsibilities to stepparents . . . [would terminate] by the same stroke of the judicial officer's pen" that grants the divorce, and such stepparents "must be immediately divested of all such rights and responsibilities the moment they become, 'former stepparents.'"

[¶11] We disagree that our interpretation compels the "absurd result" posited by the petitioner. A party seeking stepparent visitation as part of a

4

divorce would still be married to the other party during the proceedings, and, thus, "is a stepparent" for purposes of RSA 461-A:6, V. Nothing in RSA 461-A:6, V provides for the revocation of visitation privileges otherwise authorized by that section upon issuance of the divorce and we will not add language that the legislature did not see fit to include. In re J.P.S., 175 N.H. at 624. Our interpretation merely precludes a former stepparent from petitioning for visitation privileges after a divorce decree becomes final.

[¶12] For all of the foregoing reasons, we conclude that the petitioner is not a stepparent for purposes of RSA 461-A:6, V because he was no longer married to the respondent at the time that he filed his petition for visitation privileges. The trial court erred in ruling to the contrary and, accordingly, we answer the first transferred question affirmatively.

[¶13] The second transferred question asks whether the trial court erred in finding that the petitioner had standing to bring a petition for parenting rights and responsibilities on a theory that he had established an in loco parentis status with respect to the child. At oral argument, however, counsel for the petitioner contended that both stepparent and in loco parentis status were required and conceded that if the petitioner is not a stepparent, "[he's] out, [he's] done." Accordingly, because we conclude that the petitioner is not a stepparent under RSA 461-A:6, V, we need not address the second transferred question. Having concluded that the petitioner lacks standing, we vacate the trial court's order and remand with instructions to dismiss the petitioner's petition. See Carlson, Tr. v. Latvian Lutheran Exile Church of Boston and Vicinity Patrons, 170 N.H. 299, 305 (2017). Having resolved this appeal on statutory grounds, we need not answer the third transferred question.

Vacated and remanded.

MACDONALD, C.J., and BASSETT and DONOVAN, JJ., concurred.